## MATHER *against* HOOD.

The *record* of
*conviction,* by a
justice under the
*act to prevent
forcible entries
and detainers,* (11th *sess.* c. 6.) is not traversable; and if it shows that the justice had jurisdiction, and proceeded regularly, it is conclusive; and a bar to any suit brought against the justice.

THIS was an action of trespass, assault and battery, and false imprisonment. The cause was tried before

the *Chief Justice*, at the *Seneca* circuit, the 20th *June*, 1810.

At the trial the plaintiff, to support the action, called the sheriff of the county of *Seneca*, as a witness, who testified, that by virtue of a *mittimus*, issued under the hand and seal of the defendant, a justice of the peace of the county, and by the command of the defendant, he arrested the plaintiff, and detained him in custody, until he had paid ten dollars, as stated in the plaintiff's declaration. The *mittimus* was as follows: "*Seneca* county, *ss*. *John Hood*, one of the justices, &c. to the keeper of the gaol, &c. Whereas, upon complaint made unto me, this present day, by *Elijah Hartshorne*, of the town of *Fayette*, in said county, I the said *John Hood*, Esquire, justice as aforesaid, went immediately to the messuage, tenement, and possession of the said *Elijah*, at the town of *Fayette* aforesaid, in the said county, and there found *Zechariah Mather*, *Eleazer P. Mather*, *David Dumond*, *James Huff*, *William Updike*, and *Daniel Tucker*, of the said town of *Fayette*, *forcibly*, with *strong hand and armed power, holding the said tenement, messuage, and possession*, against the peace of the said people, and against the form of the act in such case made and provided. Therefore, I the said justice, do send you, by the bringers hereof, the bodies of the said *Zechariah*, *Eleazer*, *Lucius*, *David*, *James*, *William*, and *Daniel*, convicted of the said forcibly holding, by my own view, testimony and record, commanding you in the name of the people of the state of *New-York*, to receive them the said *Zechariah*, *Eleazer*, *Lucius*, *David*, *James*, *William*, and *Daniel*, into the said gaol of our said county, and there safely to keep them and every of them respectively, until they shall have respectively paid the several sums of *ten dollars*, each, of good and lawful money of the state of *New-York*, to the said people, which I the said justice have set and imposed upon each and every of them separately, for a fine and ransom for their said trespasses

respectively. Herein fail you not at the peril that may thereof ensue," &c.

The defendant then produced and read in evidence, a record of his proceedings, under the act to prevent forcible entries and detainers, passed 6th *February*, 1783, (11 sess. c. 6.) as follows : " *Seneca* county, *ss.* Be it remembered, that on the 2d day of *August*, in the year of our Lord eighteen hundred and nine, at the town of *Fayette*, in the county of *Seneca*, aforesaid, *Elijah Hartshorne* complains to me, *John Hood*, Esq. one of the justices of the people of the state of *New-York* assigned to keep the peace in the said county, and also to hear and determine divers felonies, trespasses, and other misdemeanors in the said county committed, that *Zechariah Mather, Eleazer P. Mather, Lucius Mather, David Dumond, James Huff, William Updike*, and *Daniel Tucker*, of the said town of *Fayette*, into the messuage of him the said *Elijah*, in and upon certain tenements and possessions, situate in the said town of *Fayette*, did enter, and him the said *Elijah* from the messuage, tenement, and possession aforesaid, whereof the said *Elijah* at the time of the entry aforesaid was seised and possessed, unlawfully ejected, expelled, and amoved, and the said messuage, tenement, and possession, from him the said *Elijah*, unlawfully, with strong hand and armed power, do yet hold, and from him detain, against the form of the act in such case made and provided. Whereupon the said *Elijah*, then, to wit, on the said second day of *August*, at the town of *Fayette*, aforesaid, prays of me, so being a justice as aforesaid, to him in this behalf, that a due remedy be provided, according to the form of the act aforesaid, which complaint and prayer by me the said justice being heard, I the said *John Hood*, Esq. justice as aforesaid, to the said tenement, messuage and possession have come, do then and there find and see the aforesaid *Zechariah Mather, Eleazer P. Mather, Lucius Mather, David Dumond, James Huff, William Updike*;

and *Daniel Tucker*, the aforesaid messuage, tenement and possession, with force of arms unlawfully, with strong hand and armed power, detaining, against the form of the act in such case made and provided, according as he the said *Elijah*, so as aforesaid, hath to me complained. Therefore, it is considered by the said justice, that the aforesaid *Zechariah Mather*, *Eleazer P. Mather*, *Lucius Mather*, *David Dumond*, *James Huff*, *William Updike*, and *Daniel Tucker*, of the detaining aforesaid, with strong hand, by my own proper view, then and there as aforesaid had, are convicted, and every of them are convicted, according to the form of the act aforesaid. Whereupon, I the said justice, upon every of the aforesaid *Zechariah Mather*, *Eleazer P. Mather*, *Lucius Mather*, *David Dumond*, *James Huff*, *William Updike*, and *Daniel Tucker*, do set and impose severally, a fine of ten dollars, of good and lawful money of the state of *New-York*, to be paid by them, and every of them severally, to the said people of the state of *New-York*, for their said offences : and do cause them and every of them to be taken and arrested. And the said *Zechariah, Eleazer*, *Lucius*, *David*, *James*, *William*, and *Daniel*, being convicted, and every of them being convicted, upon my own proper view of the detaining aforesaid, with strong hand as aforesaid, by me the said justice are committed, and every of them is committed, to the common gaol of the said county of *Seneca*, in the town of *Ovid*, being the next gaol to the messuage aforesaid, there to abide respectively, until they shall have paid their several fines respectively, to the people aforesaid, concerning which the premises aforesaid, I make this my record. In witness whereof I the said *John Hood*, Esq. the justice aforesaid, to this record my hand and seal do set, at the town of *Fayette* aforesaid, in the county aforesaid, on the second day of *August*, in the year of our Lord one thousand eight hundred and nine."*

* See 5 Ld.
*Raym.* 366.

The plaintiff then offered to prove, that he had been in possession of the premises mentioned in the record, for a long time previous to the 2d of *August*, 1809, and that he entered into and retained possession of the premises, in a lawful and peaceable manner; that at the time of the arrest, he, and the other persons named in the record, were peaceably and quietly gathering the harvest of grain, belonging to the plaintiff, on the premises; that the defendant imposed the fines mentioned in the record without *view*, and upon the mere complaint of *Hartshorne*, who had never been in possession of the premises mentioned in the record. This evidence was objected to by the defendant's counsel, and rejected by the judge; and the jury, under his direction, found a verdict for the defendant.

It was agreed that either party might turn the case into a special verdict.

A motion was made to set aside the verdict; and for a new trial.

*E. T. Throop*, for the plaintiff. 1. If there was no *force* in this case, the justice had no jurisdiction. He is bound, therefore, to show an actual forcible entry. The statute (11 sess. c. 6.) speaks of " an entry by strong hand, and with a multitude of people;" and that when *such forcible entry* is made, and complaint is made to a justice, he shall go to the place, &c. Courts of special jurisdiction are limited as to *place*, *persons*, and the *subject matter* of their jurisdiction; and if they give judgment in other matters, it is void as *coram non judice*; as where, in the case put in *Perkins* v. *Proctor*,* they should adjudge *rose water* to be *strong water*. So in the present case, if the justice adjudges it to be a *forcible entry*, when there is *no force*, it is *coram non judice*, and the justice is liable for acting without his jurisdiction. To permit a justice under a mere pretence of a forcible en-

* 3 *Wils.* 385. 385.

try, to imprison a citizen, is against the constitution, as well as the principles of law. It could never be the intention of the framers of the constitution, or of the legislature, to permit a justice to assume and exercise such an arbitrary power. A justice is bound to show the regularity of his proceedings, otherwise he is liable to an action of trespass and false imprisonment.*

Again, these proceedings before the justice were summary, and the plaintiff could have no opportunity to plead to the jurisdiction of the justice. He ought, therefore, to be allowed to contradict the record, by showing that, in fact, the justice had no jurisdiction.

2. The conviction was informal. It does not state that a complaint was made to the justice *on oath*. Though the statute is silent in this respect, yet it is a universal principle, in all proceedings of a criminal nature, that the complaint, or foundation of the proceeding, should be made under oath.†

*Rodman*, contra. I agree that it must appear that the justice had jurisdiction. The only difference between the counsel is how this is to be made to appear. If there has been a conviction, I contend, it must appear from the *record* of that conviction. The statute relative to forcible entries is copied from the *English* statutes. The justice has jurisdiction in all cases of a complaint of a forcible entry. He is required to go to the place, and on view, he is to record such force, and to impose a fine on the offender. The record thus made, according to the directions of the act, is conclusive evidence of the fact of a forcible entry, and cannot be traversed.‡

The form of the conviction is correct, according to the established precedents.§

In *Groenvelt* v. *Burwell*,¶ *Holt*, Ch. J. held, that if a justice of the peace should record that, upon view, as a force, which was no force, he could not be drawn in question, for it is a *judicial* act.

NEW-YORK,
May, 1811.

MATHER
v.
HOOD.

* 1 *Str.* 710, 711.

† 4 *Bl. Comm.*
283.

‡ 1 *Hawk. Pl.*
*C.* c. 64. s. 8. 2
Ld. *Raym.* 1516

§ 2 *Burn's Just.*
179, 180.
¶ 1 Ld. *Raym.*
454. 1 *Salk.*
396. 5 *Johns.*
*Rep.* 295.

*NEW-YORK,*
*May, 1811.*

MATHER
v.
HOUD.

*\* Cowp.* 640.
642.

*Hildreth,* (Att. Gen.) in reply, said, that it was competent, to the plaintiff, in this action, to show that the proceedings of the justice were not regular; or the justice, in order to make out his defence, must show that they were regular. In *Cripps* v. *Durden,\** it was laid down, as a settled point, that in all actions against justices of the peace, they must show the regularity of their proceedings; and *Buller* stated a number of cases, in which it had been so decided, and the convictions held void.

Then was this conviction regular? The complaint on which the justice proceeded was not made on oath. No person can be brought to answer for a criminal charge, unless upon a complaint made on oath. And this is more particularly requisite in a case of this kind, where the party complaining is the party interested or dispos-

† 1. c. 64. s.
b. 40.

sessed. *Hawkins†* says, it must appear that the party complaining was *in possession* of an estate, and it must be also shown that the entry on such possession was *forcible.*

*Per Curiam.* The defendant at the trial justified under a record of his proceedings, by virtue of the *act to prevent forcible entries and detainers.* The first section of the act (*Laws,* vol. 1. 101.) gives power to any justice of the peace, upon complaint, to go to the place where the force is made, and record the force, and set a fine not exceeding *5l.* upon each offender, and to commit them to gaol until the fine be paid. This section was taken literally from the statute of 15 *Rich.* II. ç. 2.; and the *English* decisions under that statute are applicable to this case. The defendant acted under the authority given by the first section of the act, and the record shows that he proceeded correctly. The question is, whether that record is traversable.

The form of the record is agreeable to established precedents. (*King* v. *Elwell and others,* 2 Lord *Raym.* 1514. 3 Ld. *Raym.* 360. 2 *Str.* 794. *Burn's Justice,* tit. *Forcible Entry and Detainer.*) The act is explicit, that one

justice is competent to record the force and to convict; and the decisions are uniform that the record is not traversable, because the justice, in making it, acts not as a minister, but as a judge. It is as strong and effectual as if the offender had confessed the force. (8 *Co.* 121. a. *Hawk.* b. 1. c. 64. s. 8. The proceedings under this first section are distinct and independent of those prescribed by the subsequent sections; and so it was understood by this court in the case of *The People* v. *Anthony;* (4 *Johns. Rep.* 198.) and when the record shows that the justice had jurisdiction, and that he proceeded regularly, it is conclusive. The case of 9 *Edw.* IV. 3. pl. 10. and the opinion of the court of king's bench, in *Groenvelt* v. *Burwell*, as reported in 1 *Salk.* 396. prove that the justice is not responsible by suit for the proceeding; because it is a judicial act. Whether it is wise or expedient to leave such summary power in the hands of a single magistrate, is a question for the legislature and not for the courts of justice. It is sufficient for us that an existing statute gives this power; and that, according to settled principles of law, a record of such proceeding which is regular and correct upon the face of it, cannot be questioned or traversed in a collateral action. It is a full and complete bar to any suit against the magistrate.

The motion on the part of the plaintiff ought, therefore, to be denied.

Motion denied.