## WILLIAM S. PRATT *vs.* ABSALOM GARDNER.

In an action on the case, it was alleged in the declaration, that the defendant, who was a justice of the peace, wilfully and maliciously received a false and groundless complaint against the plaintiff, for a criminal trespass, and thereupon wilfully and maliciously issued his warrant, upon which the plaintiff was arrested and carried before the defendant for trial, and was by him wilfully and maliciously tried and convicted, without being allowed an opportunity to obtain witnesses and counsel; that, upon such conviction, the defendant maliciously sentenced the plaintiff to pay a fine of two dollars and costs; and that, upon his refusing to pay the same, the plaintiff was committed by the order and warrant of the defendant to the common jail, where he remained imprisoned for one day, until, to obtain his discharge therefrom, he was obliged to and did comply with the defendant's order, to pay the fine and costs imposed upon him by the sentence: — it was held, or general demurrer, that the action could not be maintained.

THIS was an action on the case, in which the plaintiff declared as follows : —

" For that the defendant, on the fourth day of May, in the year eighteen hundred and forty-seven, at Wales, in our said county of Hampden, was one of our justices of the peace, for our said county, and did then and there wilfully and maliciously issue, under his hand and seal of his said office, a criminal warrant against the plaintiff, directed to the sheriff of our said county, his deputy, or to the constable of the town of Holland, in said county, commanding either of them to apprehend the said Pratt, and bring him before the said justice, or some other justice of the peace, for said county, for trial upon a false and malicious complaint of one Elwell P. Burley, charging the plaintiff with a malicious trespass upon the land of said Burley, in said town of Holland; which said complaint was false, feigned, and groundless, and which the said defendant well knew to be false, feigned, and groundless ; and upon said false, feigned, malicious, and groundless complaint and warrant, the plaintiff was taken before said Gardner, as one of our justices as aforesaid, according to the precept of said warrant ; and the plaintiff, being thus before said Gardner, the said Gardner did then and there, contrary to his duty and oath as a justice of the peace, and with intent to injure the plaintiff, wilfully and maliciously try, and cause said Pratt to

be tried by and before him the said Gardner, upon said false and groundless complaint, without giving time and opportunity to said Pratt to obtain witnesses and proofs favorable to him on said trial, and without giving the plaintiff opportunity to obtain counsel, with which to meet the witnesses against him, and advise him as to his legal rights; all of which the plaintiff moved, desired, and requested of the defendant to be permitted to do; and the defendant, wilfully, and maliciously, and illegally, refusing said request, did try said plaintiff upon the said complaint, and did wilfully, and maliciously, and illegally convict the plaintiff of being guilty of said alleged malicious trespass, of which the plaintiff was not guilty, and of which the defendant well knew that he was not guilty; and the said defendant did maliciously order the plaintiff to pay a fine of two dollars, and also to pay seven dollars under color of costs; which said unlawful and malicious sentence the plaintiff refused to comply with; and the said defendant did then and there maliciously and wrongfully issue his warrant, directing the sheriff of our said county, or his deputy, or the constable of Holland, to carry the said plaintiff to our common jail in Springfield, in our said county, and commanding the keeper thereof to receive and keep said Pratt, until he should comply with the sentence aforesaid. And by virtue of said unlawful precept, the plaintiff was carried to and imprisoned in said jail for the space of one day, until, to obtain his liberation and freedom, he was obliged to comply with the false, groundless, and malicious order of the said defendant."

The defendant demurred generally to the declaration, and the plaintiff joined in demurrer.

*H. Morris*, for the defendant.

The acts of the defendant, as admitted by the demurrer, are judicial. The gravamen of the action is the malicious conviction; if the plaintiff had been acquitted, there would have been nothing for him to complain of. The substance of the charge is, that the defendant would not allow the plaintiff an opportunity to prepare for his defence. But it

does not appear that the defendant transcended his jurisdiction. The only illegality supposed is the malice with which he acted ; and it is not alleged, that any of the defendant's acts would otherwise have been illegal. The question, then, is, whether a magistrate, acting within his jurisdiction, can be held liable for malice.

There are two classes of cases, in which magistrates have been held liable for acts of official misconduct: 1st, where their duty is merely ministerial, and they have no discretion ; and, 2d, where their duty is judicial, and official acts, which are not within their jurisdiction, are done by them with malice. The cases of *Briggs* v. *Wardwell,* 10 Mass. 356, in which a justice of the peace was held liable in trespass for issuing an execution in less than twenty-four hours after judgment, and of *Hardison* v. *Jordan,* Cam. & Nor. 454, where a magistrate was held liable for refusing an appeal in a case tried before him, are examples of the first class. But, where the magistrate has a discretionary power, in reference to a ministerial duty, he is not liable. *Allen* v. *Blunt,* 3 Story, R. 742. The present case comes within neither of these classes. The act complained of was a judicial act ; it was within the jurisdiction of the justice ; and it is contrary to the policy of our institutions, that magistrates, acting within the scope of their jurisdiction, should be harassed with actions charging them with malice, on account of their official acts. The whole subject is fully considered in the cases of *Yates* v. *Lansing,* 5 Johns. 282, and *Cunningham* v. *Bucklin,* 8 Cow. 178, and in the cases there cited. See also *M'Dowell* v. *Van Deusen,* 12 Johns. 356 ; *Tompkins* v. *Sands,* 8 Wend. 462. The doctrine of the case cited from Cowen is, that where a justice's record is conclusive evidence of what it purports, he cannot be held liable for malice. How far a justice's court, in this state, is a court of record, has been considered, but not fully settled. See *Smith* v. *Morrison,* 22 Pick. 430, and *Thayer* v. *Comm'th,* 12 Met. 9. In the present case, there is an additional reason for holding the defendant irresponsible. The plaintiff, if unlawfully convicted, had

6 *

his remedy by appeal ; and, if, instead of appealing, he chose rather to bring his action for damages against the magistrate, this fact furnishes sufficient evidence of the impolicy of allowing such actions to be sustained.

*C. Torrey*, for the plaintiff, submitted the following argument in writing : —

1. The proper remedy for the plaintiff, if the defendant is liable at all on the facts stated in the declaration, is an action on the case.   1 Chitty on P. (9th Am. ed.) 132.

2. A justice of the peace is liable for wilful and malicious acts committed under color of office.

Where a magistrate acts conscientiously in the discharge of his official duties, there can be no question that he is entirely irresponsible.   But the leading cases on the subject go no further than this.   In the case of *Phelps* v. *Sill*, 1 Day, 315, which may be cited, as a leading case, for the defendant, the court say : " The defendant was charged with appointing a bankrupt guardian, and with neglecting to take security from the guardian, as by law is required, and with not calling the guardian to account for the plaintiff's estate.   No impurity of motive is imputed to him ; none is to be inferred."   It is apparent from this, that the court would have been of a different opinion, if Sill had acted from any impurity of motive.

In Vermont, it has been held, that a justice of the peace is liable to a party aggrieved for maladministration.   *State* v. *Campbell*, 2 Tyler, 177.   In North Carolina, a justice of the peace has been held liable to an action for maliciously refusing to grant an appeal from his own judgment.   *Hardison* v. *Jordan*, Cam. & Nor. 454.   In New York, it has been held, that case lies against a justice of the peace, who corruptly refuses to take the security required to be given on the prosecution of an appeal ; also, for an injury arising from the misfeasance or nonfeasance of a ministerial officer.   *Tompkins* v. *Sands*, 8 Wend. 462.   In Kentucky, an action will not lie against a justice of the peace for a judicial act within his jurisdiction, unless he acts from impure and corrupt motives.   *Gregory* v. *Brown*, 4 Bibb, 28.

But if there be any question as to the liability of a magistrate, who acts maliciously in his judicial capacity, there can be none when a magistrate acts maliciously in his ministerial capacity; and, it is submitted, that the defendant, in refusing the plaintiff's request for time to obtain witnesses and counsel, was acting wholly in the latter capacity. See 1 Black. C. 354, note 37 (New York ed.), and the case already cited from 8 Wend. 462.

*W. G. Bates*, also for the plaintiff.

By reference to the writ, it will appear, that enough is charged in the declaration, and confessed by the demurrer, to render the defendant liable, if a justice of the peace can ever be held liable. This is the case of a country justice, who advises the commencement of a criminal prosecution, — receives the complaint and issues the warrant, — causes the party complained of to be brought before himself for trial, — and tries, convicts, and fines the defendant, without giving him time or opportunity for a fair trial. Under these circumstances, and considering that the constitution provides for a trial by witnesses, and with the aid of counsel, (a right which is also secured by the Rev. Sts. *c.* 135, $\S\S$ 12, 13,) the defendant ought not to be put to his *habeas corpus*, or be compelled to seek his remedy by appeal.

The doctrines, laid down in the numerous cases on this subject, were uttered under so many and such various circumstances, that it is not easy to get at any satisfactory result. The inquiry, however, seems to be, whether the act in question was ministerial or judicial. In the present case, it may be considered partly the one and partly the other. The court are referred to the following cases : — *Rex* v. *Young*, 1 Bur. 556, 559, 560, 561, 562; *Rex* v. *Cox*, 2 Bur. 785; *Rex* v. *Palmer*, 2 Bur. 1162; *Rex* v. *Davis*, 3 Bur. 1317; *Gray* v. *Cookson*, 16 East, 3 ; *The People* v. *Calhoun*, 3 Wend. 420 ; *The People* v. *Coon*, 15 Wend. 277. The case of *Yates* v. *Lansing*, which has been cited as a leading case for the defendant, displays quite as much eloquence as it does law, and seems moreover not to be applicable to the present case.

*Morris*, in reply.

The cases cited from Burrow are all cases in which magistrates were acting in a ministerial capacity, entirely independent of their judicial character ; and, for corruption in such acts, they were held liable.   In the present case, the justice was acting in a purely judicial capacity.   It is said, that the defendant's acts were partly ministerial, and partly judicial. A complaint being presented to him, the defendant was bound to examine it; and, if well founded, he had no discretion, but it was his duty to issue a warrant.   In this, then, he acted judicially, and malice cannot be alleged of such an act.   In trying the case, it is said, that the defendant's conduct was malicious, in not allowing the plaintiff a proper opportunity to obtain counsel and witnesses.   But this was what the plaintiff might and ought to have done before he was brought before the justice ; and, in refusing the application, the justice acted judicially.   The conviction and sentence were clearly judicial acts.   The plaintiff having refused to pay the fine imposed upon him, the defendant ordered him to be committed.   In this the magistrate had no discretion.   It was simply what the statute required him to do.   In all these particulars, therefore, the defendant either acted judicially, or ministerially, where he had no discretion.

The opinion of the court was delivered at the September term, 1849.

SHAW, C. J.   This cause has not been retained under advisement, because the court entertained any doubt how it must be decided; but presenting, as it does, a question of great importance to the administration of justice, we desired to examine some of the authorities cited in the argument, and we have since had no favorable opportunity to recur to it till recently.   The action, we believe, is of the first impression in this commonwealth, and there is certainly no precedent for maintaining it.   The considerations against sustaining it are so numerous and decisive, that the difficulty seems to lie in selecting those which are the most weighty and direct, without seeming to disparage others of great importance.   It is a

Pratt *v.* Gardner.

principle lying at the foundation of all well ordered jurisprudence, that every judge, whether of a higher or lower court, exercising the jurisdiction vested in him by law, and deciding upon the rights of others, should act upon his own free, unbiassed convictions, uninfluenced by any apprehension of consequences.   It is with a view to his qualifications for this duty, as well in regard to his firmness as to his intelligence and impartiality, that he ought to be selected by the appointing power.   He is not bound, at the peril of an action for damages, or of a personal controversy, to decide right, in matter either of law or of fact; but to decide according to his own convictions of right, of which his recorded judgment is the best, and must be taken to be conclusive, evidence. Such, of necessity, is the nature of the trust assumed by all on whom judicial power, in greater or lesser measure, is conferred.   This trust is fulfilled when he honestly decides according to the conclusions of his own mind in a given case, although there may be great conflict of evidence, great doubts of the law, and when another mind might honestly come to a different conclusion.   But in a controverted case, however slight may be the preponderance in one scale, it must lead to a decision as conclusive as if the weight were all in that scale.

Now it is manifest that to every controversy there are two sides, and that a decision in favor of one must be against another.   And this may extend to every interest which men hold most dear; to property, reputation, and liberty, civil and social; to political and religious privileges; to all that makes life desirable, and to life itself.   If an action might be brought against the judge by a party feeling himself aggrieved, the judge would be compelled to put in issue facts in which he has no interest, and the case must be tried before some other judge, who, in his turn, might be held amenable to the losing party, and so on indefinitely.   If it be said, that it may be conceded that the action will not lie unless in a case where a judge has acted partially or corruptly, the answer is, that the losing party may always aver that the judge has

acted partially or corruptly, and may offer testimony of bystanders or others to prove it; and these proofs are addressed to the court and jury, before whom the judge is called to defend himself, and the result is made to depend not upon his own original conviction, — the conclusion of his own mind, in the decision of the original case, — as by the theory of jurisprudence it ought to do, but upon the conclusions of other minds, under the influence of other and different considerations.

The general principle, which excepts judges from answering in a private action, as for a tort, for any judgment given in the due course of the administration of justice, seems to be too well settled to require discussion; and, as was said by Mr. Chief Justice Kent, in the case of *Yates* v. *Lansing*, "has a deep root in the common law." I shall therefore only refer to the case just mentioned, as reported in 5 Johns. 282, and 9 Johns. 395, where the authorities are fully stated and reviewed.

Although there was some difference of opinion in that case, it was upon the point, whether or not the order passed by the chancellor, which was the subject of complaint, was a judicial act, done within his jurisdiction; not, whether, if it were within his jurisdiction, he could be called upon to answer for it elsewhere, in a civil action. And we think, therefore, that those who dissented in this case concurred with the opinion of the court, and with all the authorities, that where the subject matter and the person are within the jurisdiction of the court, the judge, whether of a superior or inferior court, is justified. His judgment may be revised in an appellate court, and reversed or affirmed; but he himself can be liable only to an impeachment for corruption or other misconduct, if there be any. *Mather* v. *Hood*, 8 Johns. 44; *Cunningham* v. *Buklin*, 8 Cow. 178. These rules extend as well to a justice of the peace as to any other judicial officer, acting within his jurisdiction, in a judicial capacity.

The only remaining question is, whether the case set forth in the plaintiff's declaration was within the jurisdiction of the

defendant as a justice of the peace. Leaving out the epithets " maliciously," — " wilfully," — " falsely," — with which the declaration is so thickly sprinkled, and which cannot change or qualify the material facts, it is stated that the defendant, being a justice of the peace, issued a warrant against the plaintiff, on the complaint of one Burley, charging the plaintiff with a malicious trespass on his land. It is alleged, that the complaint was false, feigned, and groundless; and that the defendant knew it ; but this was the very question to be tried, and the defendant could not judicially know it till a trial. His private knowledge could not prevent the complainant from having it tried. It is further alleged, that the defendant wilfully and maliciously tried and convicted the plaintiff, and sentenced him to pay a fine of two dollars and costs. The plaintiff alleges that he was not guilty, and that the defendant knew he was not guilty. These are facts, which the defendant is not bound to contest with the plaintiff.

The plaintiff avers that this was an unlawful and malicious sentence to pay a fine, which he refused to pay, and that the defendant thereupon maliciously and wrongfully issued a warrant against him, on which he was imprisoned one day, and was then compelled to pay the fine and costs to obtain his liberation. A wilful trespass on land is made the subject of a criminal prosecution and is punishable by fine or imprisonment by the Rev. Sts. *c.* 126, § 45, and jurisdiction is given to a justice of the peace by § 46 of the same statute.

Here then the justice had jurisdiction, both of the subject matter and of the person of the party charged with a violation of law, upon proper process duly served. We see nothing in these facts to distinguish this from the ordinary case of a criminal prosecution, where final jurisdiction to try and determine is conferred on a single magistrate. The same strong and repeated qualifying epithets might be added in every case ; but as they do not constitute distinct averments to be traversed and put in issue, they cannot alter the legal character of the facts averred.

It is stated in this declaration, that the defendant put the

plaintiff on trial on this complaint, without allowing him an opportunity to obtain witnesses and proofs favorable to him, and also to obtain counsel to advise and assist him.   If this were so, however wrong in itself it might be, it cannot be tried here.   Where the subject matter and the person are within the jurisdiction of the justice, the question of continuance or postponement, for any purpose, is a judicial question, as much as the question whether the party on trial is guilty or not guilty; and the question, whether the magistrate, in the present case, decided upon it correctly, is not to be contested in this suit.

*Judgment on the demurrer for the defendant.*