### JOSHUA WELLS *vs.* WILLIAM STEVENS.

A record, made by a justice of the peace or justice of a police court in a criminal case, which does not state that an appeal was claimed from his decision by the party convicted, is conclusive evidence, in an action brought against the justice for refusing to allow the appeal, and committing the party to prison, that no such appeal was claimed.

TRESPASS ON THE CASE against the justice of the police court of Lawrence. The declaration alleged that the plaintiff was convicted before the defendant of being a common drunkard, and claimed an appeal to the court of common pleas; but the defendant unjustly and corruptly refused to allow the appeal, and ordered the plaintiff to be committed to the house of correction; and the plaintiff was committed accordingly, and there confined four months.

At the trial in the court of common pleas, the plaintiff first gave in evidence a record of the proceedings against him before the defendant, made by the defendant himself, which set forth that the plaintiff was adjudged guilty and therefore sentenced to the house of correction, but did not set forth that any appeal was claimed by the plaintiff.

The plaintiff then offered to prove by parol that he claimed an appeal, and notified the defendant thereof at the time. To this evidence the defendant objected, because it would contradict the record, and because such a fact could be proved only by the record ; and *Mellen,* J. excluded the evidence. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions to this ruling.

This case was argued at a former term.

*J. G. Abbott,* for the plaintiff. For all acts, not judicial, but ministerial, a justice is liable to the party injured ; for example, for issuing an execution within twenty four hours after judgment, or issuing an execution against the body when the law does not permit it. *Briggs* v. *Wardwell,* 10 Mass. 356. *Percival* v. *Jones,* 2 Johns. Cas. 49. *Wallsworth* v. *M' Cullough,* 10 Johns. 93. The allowance of an appeal is not a judicial act, for the justice has no discretion to refuse to allow it, when claimed ; it is purely ministerial, and the magistrate, refusing to allow the appeal, is liable to an action. *Boynton* v. *Dyer,* 18 Pick. 1. *Bemis* v. *Faxon,* 2 Mass. 142. *Lamphear* v. *Lamprey,* 4 Mass. 108. *Tompkins* v. *Sands,* 8 Wend. 462. *Hardison* v. *Jordan,* Cam. & Norw. 454. *Matthews* v. *Houghton,* 2 Fairf. 377. Otherwise, the right of appeal would always be at the mercy of the magistrate. The law will not allow the magistrate to protect himself from the consequences of his wrongful refusal, by neglecting to make a record, or making a false one. This action is in the nature of an action for making a false return ; in which the truth of the return may always be contradicted. *Kidzie* v. *Sackrider,* 14 Johns. 195.

The parol evidence offered did not strictly contradict the record, but proved an additional fact, not shown by the record.

A magistrate, who exceeds his jurisdiction, is always liable to the party injured. *Spencer* v. *Perry,* 17 Maine, 413. *Russell* v. *Perry,* 14 N. H. 152. *Poulk* v. *Slocum,* 3 Blackf. 421. *Adkins* v. *Brewer,* 3 Cow. 206. *Case* v. *Shepherd,* 2 Johns. Cas. 27. *Blood* v. *Sayre,* 17 Verm. 609. *Morgan* v. *Hughes.* 2 T. R. 225. *Crepps* v. *Durden,* Cowp. 640. The jurisdiction of the defendant, as a magistrate, to enforce his sentence against the

plaintiff had ceased, on notice of the appeal, which vacated the sentence. *Paine* v. *Cowdin*, 17 Pick. 142. *Commonwealth* v. *Dunham*, 22 Pick. 12.

*B. F. Butler*, for the defendant. The proceedings of the court are made matters of record by statute, up to the final disposition of the cause ; and parol evidence is inadmissible to add to or contradict the record. *St.* 1848, *c.* 260, § 6. *Kendall* v. *Powers*, 4 Met. 553. *Sayles* v. *Briggs*, 4 Met. 421. *Moody* v. *Moody*, 2 Fairf. 247. In a suit against a justice of the peace for non-feasance, records made by him are admissible in evidence, and cannot be contradicted. *Barnard* v. *Flanders*, 12 Verm. 657.

MERRICK, J. The ruling of the court of common pleas was correct. No principle is more firmly established than that which excludes oral testimony when offered to vary or contradict written judicial records. The record of a court of competent jurisdiction imports incontrovertible verity, as to all the proceedings which it sets forth as having taken place, and is of so high a nature that no averment can be made against it. It is necessarily a written memorial, and cannot exist partly in writing and partly in parol. The evidence afforded by it has the same force and efficacy in criminal, as in civil cases ; and in the former is conclusive proof of the fact of conviction, and of the judgment, and as to all legal consequences resulting from it. Com. Dig. Record, E. *Ramsbottom* v. *Buckhurst*, 2 M. & S. 565. *Sayles* v. *Briggs*, 4 Met. 421. 1 Stark. Ev. (4th Amer. ed.) 224. Under our statutes, justices of the peace are authorized to hold courts in their respective counties, and are expressly required to keep a record of all their judicial proceedings. Rev. Sts. *c.* 85, §§ 1, 35. And there are similar provisions in the act to establish a police court in Lawrence. *St.* 1848, *c.* 260, §§ 1, 6. It is therefore the duty of every justice to insert in the record of each cause before him a full narrative of every thing which is necessary to exhibit its progress, and the final determination of it so far as he has had any official connection with it. Nothing in the whole course of proceeding in a criminal case can have a more prevailing or

decisive effect upon it than an appeal effectually made or legally claimed. It supersedes the judgment which has been rendered annuls the sentence awarded, transfers the jurisdiction of the cause and of the facts to another tribunal, and requires of the magistrate from whose decision it is taken a course of action essentially different from that which he would otherwise be bound to pursue. *Commonwealth* v. *Dunham,* 22 Pick. 12. A statement of whatever has occurred in relation to the claim of an appeal must constitute therefore a material part of the record, and is indispensable to its completeness. But whether the convicted party has claimed an appeal from a judgment against him, is a question of fact, which is first to be judicially determined. If there has been no such claim, there can of course be nothing to record concerning it.

The records of justices of the peace and of police courts, made in the performance of official duty, and in obedience to a positive direction of the statute, are evidence, as to the conduct and disposition of each particular cause of which they have taken cognizance, of as full and conclusive a character as those kept by courts of larger and more general jurisdiction. This was so declared and the rule enforced by this court in the case of *Sayles* v. *Briggs,* 4 Met. 421. Upon the trial of that action, parol evidence was resorted to and received to show the existence of material facts not mentioned in the record of a magistrate, which one of the parties produced and used as an instrument of proof. It was afterwards determined that the parol evidence should have been rejected ; and because it had been admitted, the verdict which had been returned was set aside, and a new trial granted. So also in the case of *Kendall* v. *Powers,* 4 Met. 553, the facts disclosed, and the questions arising upon them, were very similar to those presented in this case ; the only essential difference between them being that there it was the magistrate, and not, as here, the convicted party, who sought to bring in extrinsic evidence to establish a fact not stated in the record. It appeared from the record which was produced and read, that after he was convicted, Kendall appealed from the judgment and sentence awarded against him. Powers then

offered to show that the appeal was subsequently waived and voluntarily withdrawn; but it was held that the record was conclusive, and the evidence inadmissible.

It has been argued, in behalf of the plaintiff, that the evidence offered by him should have been received, because otherwise he can obtain no redress for the loss of the right of which he complains that he has been unjustly deprived; and also because a magistrate ought not to be allowed to shield himself from responsibility for an act of wrong or oppression by an additional violation of duty in neglecting or wilfully refusing truly to record the proceedings of a case tried before him. But the rejection of such evidence is an obvious and inevitable consequence of the incontrovertible verity which the law, for reasons, lying as it has been said at the foundation of all well ordered jurisprudence, attaches to judicial records. Judges and magistrates are responsible to the government from which they derive their authority, but not to individuals, for the negligent performance or wilful violation of official duty. They are liable to impeachment for corruption or other misconduct; but are exempt from answering in private actions for acts done in the course of the administration of justice, where they have jurisdiction of the cause, and of the party to be affected by its decision. *Pratt* v. *Gardner,* 2 Cush. 63. *Chickering* v. *Robinson,* 3 Cush. 543. In the case of *Brittain* v. *Kinnaird,* 1 Brod. & Bing. 432, and 4 Moore, 50, it was held, that where a magistrate has jurisdiction, a conviction by him, if no defect appear on the face of it, is conclusive evidence of the facts stated in it in an action against him. See also *Floyd & Barker's case,* 12 Co. 25; *Basten* v. *Carew,* 3 B. & C. 652, 653, and 5 Dowl & Ryl. 566 ; *Mather* v. *Hood,* 8 Johns. 44.

*Exceptions overruled.*