## JOHN B. SMITH, RESPONDENT, v. ABRAM T. KERR, APPELLANT.

*Sealed instrument — its terms cannot be altered by a subsequent verbal agreement — when the terms of a sealed lease cannot be varied by a verbal agreement.*

| 33h | 567 |
| 71 AD | ¹420 |

On September 5, 1880, a store in Salamanca occupied by the defendant was burned. He occupied it by virtue of a lease under seal executed by the plaintiff for a term beginning February 20, 1880, and ending October 5, 1883, at the monthly rent of twenty-five dollars. After the fire the plaintiff erected a brick building upon the lot. While this was being done it was verbally agreed between him and the defendant that after the new building was completed the rent should be fifty dollars a month instead of twenty-five dollars. The defendant did not surrender the old lease to the plaintiff. The defendant having subsequently refused to pay the fifty dollars per month the plaintiff instituted summary proceedings to recover possession of the land.

*Held,* that as the lease was under seal, its terms and provisions could not be varied by a subsequent verbal agreement; that the verbal agreement to pay the additional rent could not be enforced and that the plaintiff's proceedings should be dismissed

APPEAL from a judgment of the Cattaraugus County Court, affirming the determination and order of a justice of the peace in a summary proceeding instituted to recover the possession of real property, by which possession thereof was awarded to the plaintiff.

*Ansley & Davie,* for the appellant.

*Johnson & Markham,* for the respondent.

BRADLEY, J.:

On the 20th February, 1880, the respondent by lease of that date under seal executed by him and by the appellant through one Arnold, his agent, demised to the appellant the premises in question for a term ending on the 5th day of October, 1883, for the annual rent of $300, payable in monthly payments of twenty-five dollars each. The lessee was then in possession, as assignee, of a prior lease to which Arnold was a party. The premises were situated in Salamanca and occupied by a store building in which the appellant carried on the business of selling goods. The building was destroyed by fire on 5th September, 1880, and the latter, by Arnold, erected a temporary structure called a shanty on the lot and con-

tinued business in that. The respondent at once proceeded with preparations to rebuild, cleared away the rubbish, dug cellar, and put in foundation, of which Arnold had some supervision. The respondent let the contract to construct the building and it was substantially completed, and the appellant went into occupation of it in December, 1880.

In January, 1881, the respondent presented to Arnold and requested him, as such agent, to execute a new lease of the premises at the annual rent of $600, which the latter refused to do. The respondent claiming that by agreement after the fire the rent had been increased to fifty dollars per month, which the appellant declined to pay, and having given the requisite notice to pay or surrender possession, instituted this proceeding, and the determination of the justice in his favor having been affirmed by the County Court, this appeal is taken. And the question presented is whether the lease of 20th February, 1880, remained operative, or a new and valid one was made after the building was destroyed.

The default of Kerr depends upon the existence of the latter increasing the rent. The respondent gave evidence tending to prove that at first he intended and was proceeding to rebuild a frame of wood to be filled in with brick, which was defeated by a village ordinance, requiring that all buildings erected in that locality be constructed of solid brick work; that he then stated to Arnold that he could not afford to put up a brick building under the old lease, and at the rent mentioned in it; to which the latter replied, that he did not expect him to do so, and expected to pay more, and asked how much more he should charge him; that the respondent said he could not then say, as he did not know what the building would cost him; that afterwards in November, 1880, when the building was well advanced towards completion, Arnold asked respondent what rent he should charge him; the latter said fifty dollars per month. Arnold replied that he thought it was pretty high, and that it was then agreed that Arnold should put in the store fixtures, counters, shelves, drawers, etc., at a cost to respondent not exceeding $250, to be applied on rent. Arnold did put them in. The testimony on the part of the appellant is in conflict with that of the respondent, so far as relates to the agreement to pay increased rent. We shall assume that this conflict in testimony was properly disposed of by

the trial court, and if the conclusion there was justified in any view that can be taken of the evidence, the judgment of the court below should be sustained. By the common law the lessee of land was not relieved from payment of rent by destruction by fire of the buildings upon it during his term, although his beneficial enjoyment was solely in the use of them, unless the right to surrender his lease was reserved by the express terms of it. (*Hallett* v. *Wylie*, 3 Johns., 44; *Graves* v. *Berdan*, 26 N. Y., 498.) But the statute provides that when the building shall be destroyed or so injured by the elements, or any other cause, as to be unfit for occupancy, without fault or neglect on his part, the lessee shall not be liable or bound to pay rent thereafter, unless expressly required by written agreement, and may thereupon quit and surrender possession of the premises. (Laws 1860, chap. 345.) The right thus given is for the benefit of the lessee only, and he may or not at his election surrender the possession and avail himself of the purpose of the statute in the event therein mentioned.

The surrender is the fact, not established by that of the destruction of the building merely, but by the election and action of the tenant, such action as evinces the election to surrender. (*Smith* v. *Sonnekalb*, 67 Barb., 66; *Johnson* v. *Oppenheim*, 55 N. Y., 280.) The question whether the evidence was sufficient to justify the conclusion that the respondent surrendered the premises after the fire is an important one in this case, and requires the consideration of all the circumstances inferable from the testimony. The appellant's agent without much delay put up a shanty, placed his goods in it and continued his business there. This is by no means conclusive of purpose not to surrender, and the appellant may have been chargeable not under the lease, but as for use and occupation merely (*Austin* v. *Field*, 7 Abb. [N. S.], 29), but is a fact which may with other circumstances have more or less significance. Before the respondent was advised of the necessity of constructing solidly of brick, and very soon after the fire, he had some talk with Arnold about rebuilding, and said to him that he (Arnold) was as much interested as he was, and to go on and build to suit himself; that he (respondent) would be away and that he (Arnold) could oversee the clearing away, digging the cellar and putting up the building, and he would pay the bills. Arnold did this, and got the foundation in,

when it was ascertained that the superstructure must be of brick, and then respondent let the contract to put it up, and the first conversation about increase of rent before referred to was had, and the respondent stated to Arnold that he should not charge him rent from the time of the fire until the building was completed.

So far as appears the purpose of the appellant, through his agent Arnold, as indicated by the latter, to occupy the premises, was continuous, and the respondent so understood it, and it was expected by both that the business of the appellant would be continued in the new building when erected. There seems to be nothing in the fact that the plaintiff went on and erected a new building to indicate a surrender of the possession pursuant to the right given the lessee by statute.

The mutual understanding immediately followed the destruction that the burned building should be replaced by a new one. The circumstances do not tend to show, nor do they permit the inference, that the right of the plaintiff to construct the new building came from a surrender to him of the premises, or of the lease, but on the contrary that it was done by consent and understanding not inconsistent with the continued operation of the lease and possession of the lessee under it. And in fact the right of entry to make repairs for the protection of the reversion is one of the incidents of the relation of landlord and tenant vested in the former. (*Sulzbacher* v. *Dickie*, 51 How., 500.)

There is no evidence tending to show an election or purpose on the part of defendant to abandon or relinquish the possession of the premises, but on the contrary the intention to continue his business there is clearly evinced from the time of the fire, so far as anything upon that subject appears by the testimony, although it is possible his views in that respect may have been otherwise if the purpose of the plaintiff to rebuild had not been promptly declared.

But on the part of the respondent it is contended that the right to the relief given is supported by the agreement to pay increased rent which was founded on a good consideration. If the agreement so made was a valid one that contention is sustained. A new lease, when valid, will operate as a surrender of an old one then in operation.

The lease was a sealed instrument, and at the time of the alleged

agreement nearly three years of its unexpired term remained. There had been no breach of it, and therefore it could not be substantially modified by parol. (*Allen* v. *Jaquish*, 21 Wend., 628; *Clough* v. *Murray*, 3 Robt., 7, 16; *Kuhn* v. *Stevens*, 7 id., 544; S. C., 36 How., 275; *Ducker* v. *Rapp*, 9 J. & S., 236; *Dodge* v. *Crandall*, 30 N. Y., 306, 307; *Coe* v. *Hobby*, 72 id., 148.)

This rule does not apply to agreements for extension of time merely of performance of stipulations of contracts under seal. It follows that the parol agreement to pay more rent cannot be effectual as a mere modification of the original lease, so as to constitute it one to continue to the end of its term, and making the rent $600 instead of $300 per year. The inquiry now arises, was the new agreement a valid one? The inference arising from the transaction would (if the law is not in the way) be justified that the parties made an agreement for the payment by the defendant of rent at the rate of fifty dollars per month. The defendant is informed by the plaintiff that the latter will charge that amount, and although not assented to at the time, he goes into occupation without further negotiation. That ordinarily may be deemed an acceptance of terms proposed. There was no duty on the plaintiff to rebuild (*Doupe* v. *Genin*, 45 N. Y., 119), and none on the part of the defendant to remain after the fire, and construing this as an agreement to pay the increased amount of rent if the plaintiff would rebuild, the consideration was sufficient. If there had been a surrender of the possession of the premises pursuant to the right of the lessee under the statute, there would be no difficulty on that state of facts in charging the defendant with the rent of fifty dollars per month, although the agreement itself may have been void within the statute of frauds.

The taking possession would be effectual to charge him as tenant from year to year. (*Schuyler* v. *Leggett*, 2 Cow., 660; *Reeder* v. *Sayre*, 70 N. Y., 180; *Laughran* v. *Smith*, 75 N. Y., 205.) But here the effect, if any, on the lease is in the agreement itself, and to operate as a surrender of it the agreement must be valid in its terms. If it can be construed only as one for a longer term than one year it is void, and cannot be effectual as a surrender of the estate of the tenant existing under the lease. (2 R. S., 134, § 6; Id., 135, § 8.) And in such case it of itself confers no right and

creates no obligation as between the parties to it. (*Dung* v. *Parker,* 52 N. Y., 494.) Inasmuch as a valid lease by parol may be made for a year, one under seal having but a year to run may be surrendered by a new parol one for that time. (*Smith* v. *Develin*, 23 N. Y:, 363.) And when the parties make another lease valid as a contract, whether by parol or otherwise, inconsistent in terms with the continuance of an existing lease, it operates as a surrender of the latter. (*Schieffelin* v. *Carpenter*, 15 Wend., 400, 406, 407 ; *Smith* v. *Niver*, 2 Barb., 180 ; *Bedford* v. *Terhune*, 30 N. Y., 453, 462.) In the talk between the plaintiff and Arnold about increased rent, no term was mentioned, nor was the prior lease. It related merely to a rental increase from twenty-five dollars to fifty dollars per month. There is nothing to indicate a purpose to reduce the term ; and assuming, as we are required to by the evidence, that the premises had not been surrendered to the plaintiff, and that the lease was still operative, the situation was the same as if the building had not been destroyed, except so far as relates to the matter of consideration for an agreement, and it would seem necessarily to follow that the intention of the parties and the purport of their arrangement, so far as it was made, was to increase the rent for the term the lease had to run, and therefore that agreement was void. In *Coe* v. *Hobby* (72 N. Y., 147) the court say : " The farthest that our courts have gone, is to hold that to effect a surrender of an existing lease by operation of law, there must be a new lease, valid in law, to pass an interest according to the contract and intention of the parties."

While in view of the fact of the agreement, which the trial court must have found, it seems equitable that the plaintiff should receive the increased rent, the evidence does not without violence to it permit the conclusion or inference that any agreement was made to rent the premises for the term of a year or less. And well established rules of law as they are must be applied. This is a proceeding at law and has relation to existing contracts only.

In *Horgan* v. *Krumwiede* (25 Hun, 116) no aid is given to the plaintiff. There was involved property other than that included in the lease, which, during the term of the latter, the lessee accepted and occupied under a parol arrangement for both properties which, by its terms, reduced the rent mentioned in the lease. That agree-

ment was induced by the declaration of the purpose of the tenant to leave the premises because of his inability to pay the rent.

After the term had expired and the agreement had been fully executed, the lessor disregarding it brought his action to recover the amount of the lease in excess of that provided for by the parol agreement, and the court held that as the lease was under seal it could not be modified or the rent reserved by its terms reduced by an oral executory agreement, but as that agreement was founded on a new consideration and afterwards performed by the parties, the plaintiff was not entitled to recover. The case is not fully reported, but it sufficiently appears by the memorandum to show that the decision rested on the ground that the complete execution of the agreement by the parties was deemed a satisfaction of the rent. And such is the effect of the cases there cited so far as they are pertinent to that case. (*Dearborn* v. *Cross,* 7 Cow., 48; *Delacroix* v. *Bulkley,* 13 Wend., 71, 75; *Allen* v. *Jaquish,* 21 id., 631, 632.)

In the case at bar the remedy sought is necessarily dependent upon an executory agreement to pay rent, and is based upon the charge of failure to execute it. And it may be observed that in those cases where the statute of fraud intervenes the difficulty in making oral agreements effectual to modify existing valid contracts is increased. The views above given lead to the conclusion that the judgment appealed from cannot be supported.

The judgment of the County Court and the determination and order of the justice should be reversed.

SMITH, P. J., and BARKER, J., concurred; HAIGHT, J., not sitting.

Judgment of the County Court and the determination and order of the justice reversed, with costs.