NEW YORK, May, 1824.

Schuyler
v.
Leggett.

---

## SCHUYLER *against* LEGGETT.

A lessor may distrain upon a parol demise, he having the reversion, without any special agreement empowering him to distrain.

Tho' a parol demise for 7 years be void by the statute of frauds, yet it enures as a tenancy from year to year, if the tenant enter and hold under it; and it will regulate the terms of the tenancy in other respects; as the rent, the time of year when the tenant must quit, &c.

REPLEVIN for one span of horses and a pleasure waggon. Avowry for rent arrear.

The cause was tried at the Saratoga circuit, May 28th, 1822, before his honor (the late) Mr. Justice Yates.

On the trial, the plaintiff introduced and read in evidence, a stipulation signed by the attorneys of both parties, as follows : "We do hereby stipulate and agree to admit, on the trial of this cause, that William Griffeth took the property of the plaintiff, mentioned in the plaintiff's declaration in this cause, on the day and at the place therein stated, as the agent and bailiff of the defendant in this cause, by virtue of a warrant of distress delivered to him by the defendant, for 18 months rent, claimed to be in arrear and due to him, from the plaintiff, and that the proceedings in making the distress were perfectly regular and legal, provided the said defendant had a right to distrain ; and that the said plaintiff replevied the said property, before it was removed from the premises on which the said distress is alleged by the defendant's

Whether, where the landlord executed a lease for 7 years, and left it with a depositary appointed by the lessee, for him to execute on his part, which he agreed to do, but neglected ; and yet took possession of the premises and held them more than a year, the landlord may consider the lease as executed by the tenant, and distrain under it. *Quære.*

avowry to have been made, and within five days from the notice of the same, which notice is also admitted to have been regular, and according to the directions of the act in such case made and provided.—Dated October 17th, 1821.

George Palmer, Esq. a witness on the part of the plaintiff, testified, that he, as the agent of the defendant, had the charge of a house and lot situate in the town of Stillwater, and county of Saratoga, (the premises mentioned in the avowry,) belonging to the defendant; that the plaintiff held and occupied the premises, as tenant, from year to year, (of the defendant,) for several years previous to the drawing of the lease, as hereinafter mentioned, at a rent of 140 dollars; that in the spring of the year 1817, it was agreed between the plaintiff and the defendant, that the witness should draw a lease from the defendant to the plaintiff, of the premises, for the term of seven years, at a rent of 100 dollars per annum, payable half yearly, with provision therein, for making certain repairs, which lease was accordingly drawn by the witness, under the direction of both parties, with a counterpart; that pursuant to a similar direction, and understanding of both parties, Leggett, the defendant, executed both parts of this lease, in the hands of the witness, and left them, pursuant to the directions of the parties, with the witness to be executed by Schuyler, the plaintiff; that Schuyler neglected formally to execute the lease, by either signing and sealing, or delivering it, but left it lying in the witness' hands, with the *ex parte* execution of Leggett, without objection or question of its validity, and continued the occupation and use of the premises, as he had done before the agreement, for more than a year and a half from the commencement of the term mentioned in the lease.

The counsel for the defendant produced the lease in evidence, and contended that the plaintiff was entitled to a verdict, and that Leggett had no right to distrain for rent: 1st. Because there was no demise by Leggett to Schuyler, either implied or expressed. 2d. If there was a demise, it was by parol, for seven years, and, therefore, void by the statute of frauds and perjuries. 3d. Because Leggett could not distrain for rent under a parol demise.

NEW YORK,
May, 1824.

Schuyler
v.
Leggett.

His honor the Judge overruled these objections, and directed the jury to find for the defendant, who found accordingly.

*S. T. Huntington*, for the defendant, now moved for a new trial. He insisted that if the last agreement was not a leasing of the premises, there was no rent due for which Leggett could distrain. If, under an agreement for a lease at a certain rent, the tenant is let into possession before the lease is executed, the lessor cannot distrain for rent during the first year; for there is no demise expressed or implied.(a) . An agreement to let will not operate as a lease, if a future executory act was in view.(b) The old letting was at end by the last agreement. The cases in which the tenant has been considered as being in under the terms of an old lease, where he holds over after his term has expired.(c) are those in which no new contract was entered into. The new lease here differs in terms from the old.

Again : this was a demise for seven years, by parol, and void, therefore, by the statute of frauds.

[The counsel also raised the objection, that the lease being by parol, and containing no clause of distress, the defendant for that reason, had no right to distrain, upon which the arguments were the same as in the next preceding cause.]

*E. Cowen*, contra, relied upon the case of *M'Leish* v. *Tate*,(d) as in point for the defendant. There the Court gave effect to an unexecuted lease for nine years, on the ground that the lessee had held under it, and the landlord expressed a willingness to execute it ; but the tenant declined. An avowry was sustained upon a mere draft of a lease not executed by either party. The present is certainly a much stronger case for the avowant. In *Hagan* v. *Johnson*, cited from 2 Taunton, which was the case of a holding under an executory agreement to execute a lease, the landlord distrained before the year had passed. There could, therefore, be no tenancy from year to year, which plainly exists in this case. Here has been more than a year's holding under the new lease. If this was void, either by the statute of

*(a) Hegan v. Johnson*, 2 Taunt. 148.
*Hearn v. Tomlin*, Peak. N. P. C. 192.
*Browne v. Warner*, 14 Ves. 413.
*Smith v. Stewart*, 6 John. Rep. 46.
*(b) Browne v. Warner*, 14 Ves. 413.
*(c)* Woodf. L. & T. 20, 218.

*(d)* Cowp. Rep. 781.

frauds, or because it was never executed, then comes the holding over under the old lease. Upon one or the other of these grounds, the plaintiff was a tenant from year to year, at the rent talked of between the parties. The agreement and draft of the lease will, at least, amount to an admission that the premises were worth the sum mentioned in the lease, and a promise to pay that sum. This would be a parol lease, under which the defendant might distrain.

*Curia,* per SAVAGE, Ch. J. The cases cited by the plaintiff's counsel show, that to entitle the landlord to distrain, there must be a letting, and an agreement to pay rent—that an occupancy under an agreement for a lease at a future time is not sufficient. The facts in this case show an occupancy, in the first instance, under a parol demise from year to year. When the new arrangement was made, a parol agreement must have preceded the directions to Mr. Palmer to draw the lease. Though this lease was never, in fact, executed by Schuyler, yet his occupancy was either under this lease, or the parol agreement, in pursuance of which the directions were given for the lease. In either case, there was a letting by Leggett to Schuyler, and an agreement by Schuyler to pay the rent. If the occupancy has been under the lease, then, having accepted possession under it, he takes the estate subject to the covenants and the conditions contained in it. In that case his liability exists, and also the landlord's right to distrain. If the occupancy has been under the parol agreement, then he has held under a parol demise for seven years; which, though it is void as a lease for the term, yet it enures as a tenancy from year to year, (*Clayton* v. *Blakey*, 8 T. R. 3,) and must regulat. the terms on which the tenancy subsists in other respects; as the rent, the time of the year when the tenant must quit, &c. (*Doe* v. *Bell*, 5 T. R. 471. Roberts on Frauds, 244, 5, 6.) Rent being due by the terms of the parol demise, the landlord's right to distrain was perfect; and the defendant was at liberty, under the avowry in this case, to avail himself of either a parol or written lease. In my opinion, the defendant must have judgment.

New trial denied.