ALBERT D. THURBER & another *vs.* THOMAS DWYER.

W. leased by instrument in writing certain premises to D., to hold for as long a time as a certain building then standing on the lessor's land next adjoining should remain in the same location, D. paying rent therefor half yearly.   W. did not acknowledge the lease, and he afterwards conveyed the demised premises to the plaintiffs, *bonâ fide* purchasers for value, without notice of the lease.   *Held*, that the lease, inasmuch as it purported to pass an estate for a term exceeding one year, was not valid for the time therein named as between the plaintiffs and said D. on account of its not having been acknowledged as required by chap. 146 of the Revised Statutes.

*Held, further*, that although void as to the duration of the time thereof, it nevertheless regulated the terms of the tenancy in other respects, and made it a holding from year to year, which might be terminated by giving notice in writing at least three months prior to the expiring of the occupation year, as provided by chap. 205 of the Revised Statutes.

ACTION OF TRESPASS and ejectment, brought at a special Court of Common Pleas, held at Providence, on the thirteenth of July, 1872, for the recovery of the possession of certain premises, in Central Falls, R. I.   The plaintiffs claimed that the defendant was a yearly tenant, and served a notice upon him to quit on or before July 1, 1872.   The defendant came into possession and occupation of the premises in question by virtue of a written lease to him dated July 1st, 1870, from Dudley Walker, the plaintiff's grantor.   In October, 1871, Walker sold the premises to the plaintiffs, while the defendant was occupying the same under this lease.   The defendant continued to occupy the premises under the provisions of the lease, no other contract of any kind having been made with the plaintiffs relating to this tenancy. The other facts of the case, as well as the plaintiffs' exceptions to the rulings of the judge presiding at said special court, upon which the case was now heard, are stated in the opinion of the court.

*Blodgett & Gregory*, for the plaintiffs, in support of the exceptions.   I. The lease not having been acknowledged in accordance

with sec. 2, chapter 146, of the Revised Statutes, created a *yearly tenancy*, which could be terminated by giving three months' notice to defendant to quit at the end of the year.

II. If the lease can be construed to have created a tenancy *at will* or a tenancy *at will with a conditional limitation*, that tenancy could be terminated by notice from the plaintiffs to the defendant to quit. Rev. Stat. chap. 205, § 1.

III. The plaintiffs gave the defendant notice on the 23d day of March, A. D. 1872, to quit the premises July 1st, A. D. 1872, and the defendant's tenancy terminated thereby on said first day of July ; the defendant at that time having completed a year's tenancy.

IV. If the court construe it to be a tenancy at will or at will with a conditional limitation, the notice given was sufficient to terminate the tenancy.

*Miner & Cooke*, for the defendant, *contra*. The tenancy of the defendant in this case was a tenancy at will with a conditional limitation, and determined only upon the happening of the contingency, namely, whenever the building referred to should be removed from its location. *Ashley* v. *Warner et al.* 11 Gray, 43 ; *Cook* v. *Bisbee*, 18 Pick. 527 ; *The Fifty Associates* v. *Howland*, 11 Met. 99.

BRAYTON, C. J. It appears by the exceptions before us that the defendant went into possession of the premises claimed in this suit under a lease executed by one Dudley Walker, on the first day of July, 1870, by which the defendant was to hold from said first day of July for so long a time as a certain building then standing on the lessor's land next adjoining should remain in the same location, he, the defendant, paying rent therefor at the rate of $20 per year, payable half yearly, and the first payment to be made on the first day of January, 1871. This lease was not acknowledged by the lessor, Dudley Walker.

The plaintiffs, A. D. Thurber and German P. Thurber, claim title to the premises by a conveyance from said Dudley Walker, and also the land adjoining on which the building referred to was and still is.

Dudley Walker, the lessor, afterwards conveyed the premises leased to the plaintiffs, who, as it appears, became the owners also of the lot next adjoining on which the building referred to in the lease stood and still stands.

The plaintiffs received of the defendant the semi-annual rent payable on the first day of January, 1871, and thereafterwards, on the twenty-third day of March, 1871, gave notice to the defendant to quit the premises on the first day of July, 1871, describing the premises as formerly owned by said Walker and now owned by the plaintiffs. The building referred to had not been removed when notice to quit was given, nor since.

The court ruled that this lease created a tenancy at will and could be terminated only by the contingency upon which it was to cease, viz., a removal of the building. Until that time it was by the terms of the lease to continue. If this lease be valid it must create such an estate, and though the lease must terminate upon the removal of the building without notice, no notice to quit would avail to put an end to it. *Cook* v. *Bisbee*, 18 Pick. 527. This lease is not, however, a valid lease as between these parties. It purports to pass an estate for a term exceeding one year.

Chapter 146 of the Revised Statutes, § 2, provides that no such estate shall be conveyed from one to another by deed, unless it shall be acknowledged by the party who shall have sealed or delivered it, and be recorded, &c. And by sec. 3 of the same chapter it is provided that all conveyances whatsoever for passing any such estate shall be void, unless they shall be acknowledged and recorded as aforesaid. *Provided*, that the same between the parties and their heirs shall nevertheless be valid and binding.

The lease was not acknowledged by Walker, the party who executed it as lessor, nor are the present plaintiffs heirs of said lessor, — nor do they claim by inheritance, but by purchase. As to them, therefore, the lease is void. Though the lease be void as to the duration of the term, it nevertheless regulates the terms of the tenancy in other respects, — the amount of rent, the times of payment, the end of the years, — and the tenant who enters under it is held to be a tenant from year to year upon those terms.

Says Lord Kenyon, in *Clayton* v. *Blakely*, 8 T. R. 3, such a holding now operates as a holding from year to year. See *Rigge* v. *Bell*, 5 T. R. 471; *Schuyler* v. *Leggett*, 2 Cow. 660; Taylor L. & Ten. § 79.

Such a tenancy is determinable by chap. 205, § 2, of the Revised Statutes, by a notice in writing from the lessor or owner at least three months prior to the expiring of the occupation year.

That notice was given on the 23d March, 1871, to quit at the expiration of the year, on the first day of July, 1871, and therefore the lease terminated on that day.

We think the court correct in holding that the defendant's tenancy could be terminated only by and upon the removal of the building referred to in the written instrument, and there must be a new trial.                              *New trial granted.*