[No. 3863.]

## J. H. BROWN v. JOHN KENTFIELD ET AL.

ERROR WHICH IS IMMATERIAL.— If the answer contains a special defense which consists of an averment of facts which, if admissible in evidence, can be proved under the denials contained in the answer, an order of the Court overruling a demurrer to the special defense, if erroneously made, constitutes an immaterial error.

EXCEPTION TO CHARGE OF COURT.—A general exception to the charge of the Court to the jury which does not specify when it was taken, nor any particular portion of the charge, but goes to the charge as a whole, will not be noticed by the Supreme Court.

BILL OF EXCEPTIONS.— The question not decided whether a statement signed by the judge at the bottom of his charge to the jury, that "the foregoing instructions were given by the court, to which the plaintiff excepted," is a bill of exceptions.

OBSTRUCTING A NAVIGABLE STREAM.—In an action to abate, as a nuisance, a boom across a navigable river, made to intercept saw-logs floated down in time of high water, and for damages, it is incumbent on the plaintiff to prove that the obstruction was unreasonable.

REFUSAL OF INSTRUCTIONS TO JURY.—If none of the evidence is found in the record, the court will not grant a new trial on the ground that certain instructions to the jury were refused, for the court may have refused to give them because there was an entire lack of evidence on which to base them.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

The complaint alleged that the plaintiff owned a tract of land containing about one hundred and forty acres, commonly known as the Edgar Ranch, situated on Elk River, in Humboldt County, and was engaged in cultivating the same. That Elk River was a public highway capable of floating scows and other small craft, and furnished communication between the land and the town of Eureka. That plaintiff had been accustomed to ship and transport on Elk River to Eureka his produce, until interrupted by the defendants. That Eureka was his only market, and the river

was his only highway for sending his produce to market. That the defendants had driven piles in the bed of the river, and constructed a boom across the channel, and filled the stream with saw-logs, so that the navigation of the river was obstructed, and the plaintiff could not transport his produce to market. That the plaintiff had also large quantities of wood which he could not transport to market by reason of the obstructions, and that the obstructions had checked and impeded the current of the river, so that it overflowed its banks and submerged the plaintiff's land and destroyed his crops and carried off the soil.

The defendants, in their answer, denied the allegations of the complaint. They also set up, as a special defense, that they owned large tracts of land lying near Elk River above the plaintiff's land, upon which were growing trees suitable to be manufactured into lumber, and that the only way of transporting the logs to market was by floating them down the river. That the river emptied into Humboldt Bay, and the logs were floated down in times of high water, which periodically occurred, and would be carried into the bay and ocean and lost, unless intercepted by the boom. That the boom was movable, and was used only in high water and then removed, and that the logs were removed as soon as they could be with safety.

The plaintiffs demurred to the special defense, and the court overruled the demurrer.

The record contained the judgment-roll. In the record were several pages headed "instructions given by the court to the jury." At the close were the words found in the opinion, "the foregoing instructions were given by the court, to which the plaintiff excepted." The record also contained three pages headed "instructions for defendant," with the words signed by the judge at the close, "the foregoing instructions given in full and excepted to by plaintiff."

The defendants had a verdict and judgment, and the plaintiff appealed.

The other facts are stated in the opinion.

*McElrath & Osment,* for the Plaintiff.

*Buck & Stafford, J. J. De Haven and G. W. Spaulding,* for the Respondents.

By the Court, CROCKETT, J.:

1. If the court erred in overruling the demurrer to the special defense set up in the answer, the error was immaterial, inasmuch as all the matters set forth therein were admissible in evidence, if at all, under the denials of the answer. The pleadings admit that Elk River was a navigable stream; and the *gravamen* of the action is that the defendants improperly and unreasonably obstructed it, and thereby flowed back the water over the plaintiff's land, whereby he suffered a special damage. Under the denials of the answer, it was incumbent on the plaintiff to prove that the obstruction was improper and unreasonable, and that he suffered a special damage thereby. It was, of course, competent for the defendants to rebut proof of that character, by showing that the obstruction was not unreasonable, and that it resulted from a proper and lawful exercise by the defendants of their right to float saw-logs down the stream. The special defense was merely a statement of facts relied upon by the defendants as showing that the obstruction was not unreasonable; and if these facts constitute a valid defense, they could have been proved under the denials of the answer, and need not have been specially averred. The error, therefore, if it be one, was immaterial.

2. There was no exception which we can notice, by the plaintiff, to the general charge of the court to the jury, or to the instructions given on the request of the defendants. At the close of the charge and over the signature of the judge, is a statement in these words: "The foregoing instructions were given by the court, to which the plaintiff excepted," and there is a similar memorandum at the foot of the instructions given on the request of the defendants. If this can be deemed a bill of exceptions for any purpose,

the exception was too general. It does not state that the exception was taken when the ruling was made, nor even before the verdict; nor does it specify that the exception was to each or any particular portion of the charge; but went to the charge as a whole. We have repeatedly held that a general exception of this kind to the charge or instructions given, will not be noticed here. (*Payne and Dewey* v. *Treadwell,* 16 Cal. 220; *Hicks* v. *Coleman,* 25 Id. 146; *McCreery* v. *Everding,* 44 Id. 249.)

3. Certain instructions requested by the plaintiff were refused; and though no formal exception to this ruling appears in the record, we think the omission is supplied by the stipulation of counsel. But none of the evidence is before us; and in its absence we cannot say but that the instructions were properly refused because of an entire lack of evidence on which to base them. Error will not be presumed, but must be shown affirmatively.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.