ANGELINA REEDER, ADMINISTRATRIX, AND GEORGE A. REEDER AND LYMAN REEDER, ADMINISTRATORS OF JAMES M. REEDER, DECEASED, AND JAMES H. REEDER AND LYMAN REEDER, RESPONDENTS, *v.* JOB SAYRE, APPELLANT.

*Statute of frauds* — 2 *R. S.*, 135, §§ 2, 8, 9 — *parol lease for more than one year — effect of.*

The provision of the Revised Statutes avoiding every agreement not to be performed in one year does not apply to contracts for the leasing of lands.

Although a parol lease for more than one year is void, yet it enures as a tenancy from year to year, and regulates the terms of the tenancy in all respects, except as to its duration.

Plaintiff leased by parol certain land from one T. for two years from April 1, 1871, with the privilege of raising two crops of wheat. In June, 1872, while plaintiff was in possession of the land, T. sold it to defendant, who notified plaintiff he would need it April 1, 1873. In the fall of 1872 plaintiff sowed a crop of wheat, which was harvested by defendant in the summer of 1873, and converted to his use. *Held,* that plaintiff was entitled to the wheat, and that the defendant was liable to him therefor.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was trover to recover the value of a quantity of wheat alleged to have been converted by the defendant, of which the complaint avers James M. Reeder, deceased, and the respondents, James H. and Lyman Reeder, were the owners and in possession as tenants in common.

In the spring of 1871, the plaintiffs, James H. and Lyman Reeder, in conjunction with their father, James M. Reeder, as partners, made a parol contract with one E. Darwin Tuthill to lease of him his farm of about 120 acres, situated in Starkey, for the term of two years from the said 1st day of April, 1871, with the privilege of two crops of wheat, at a yearly rental of $500.

On the 1st day of June, 1872, E. Darwin Tuthill entered into a written contract with the defendant, whereby he sold the said farm to the defendant, Tuthill thereby agreeing to give to the defendant a warranty deed of the farm free from incumbrance, and possession thereof on the 1st day of April, 1873, and in pursuance of the contract he executed the deed, and defendant took possession of the farm.

A few days after the defendant made the contract for purchasing the farm, and before any preparation had been made to prepare the ground or sow the crop of wheat, the defendant, ascertaining that the Reeders claimed the right to sow the crop of wheat, served a notice forbidding the sowing thereof, and that he should require full possession on the 1st day of April, 1873.

The crop of wheat for which the action was brought was sowed in the fall of 1872, the ground being prepared in September of that year.

James M. Reeder died June 3, 1873, before the wheat was fit to be harvested.

In July, 1873, the defendant commenced harvesting the crop of wheat. The Reeders forbade him, and claimed it. The defendant finally drew it into his barn against their remonstrances, thrashed it, and held it to be his property.

At the close of the evidence counsel for plaintiffs moved the

court to direct a verdict in favor of the plaintiffs, which was granted, and the defendant excepted.

*Charles S. Baker*, for the appellant.

*J. McGuire*, for the respondents.

GILBERT, J.:

It may be assumed as settled law in this State: 1. That the provision of the Revised Statutes (2 R. S., 135, § 2, sub. 1), which avoids every agreement that by its terms is not to be performed in one year, does not apply to contracts for the leasing of lands. (*Young* v. *Dake*, 1 Seld., 464; overruling *Croswell* v. *Crane*, 7 Barb., 191.) And 2. That a parol lease for more than one year, though void for the term, by reason of another statute (2 R. S., 135, §§ 8, 9), enures as a tenancy from year to year, and that the oral lease regulates the terms of the tenancy in all respects except its duration. In this case, the lease was valid only for one year from April 1st, 1871, yet the tenants having actually entered under the lease, and having continued in the occupation of the demised premises after that time, with the assent of the lessor, a valid tenancy for another year was created. (*Schuyler* v. *Leggett*, 2 Cow., 660; *People* v. *Ricker*, 8 id., 226; *Lounsbery* v. *Snyder*, 31 N. Y., 514.) By the terms of the parol agreement in this case, the tenants became entitled to sow a crop of wheat in the fall of 1872, and to reap it the following season. They sowed the crop accordingly, and we are of opinion that they had a right to reap it and carry it away. The privilege of sowing the crop was exercised by the tenants as such, with the sanction and assent of the lessor. These facts are sufficient to establish a new contract, or that which is equivalent thereto, whereby the grant of the privilege made by the original agreement was renewed. (*Like* v. *McKinstry*, 41 Barb., 191; S. C., 4 Keyes, 397.) The invalidity of the original demise, is no objection to the new contract. The case of *Dung* v. *Parker* (52 N. Y., 594), does not affect this principle, and the principle is supported by the case of *Harris* v. *Frink* (49 id., 24).

The defendant took his conveyance, with notice of the right to take off the crop claimed by the tenants, and it was subject to that

right for obvious reasons. It is immaterial to inquire whether he had such notice when he entered into the executory contract for the purchase of the land. The right of the tenants was vested, and not a mere revocable license; the defendant acquired by virtue of the contract, no greater interest, than his vendor could then sell.

We entertain no doubt that the judgment should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment and order affirmed.