## WILLIAM BARD v. ELIAS ELSTON.

1. CHARGE—*Sufficient Exception.* The general charge of the court to the jury was divided into fourteen separate paragraphs, and numbered; and the record shows that the plaintiff excepted to such charge in the following form, to wit: "To the giving of all and each of said instructions by the court, the plaintiff then and there duly excepted, and excepts." *Held,* That it will be presumed by the supreme court that the plaintiff duly excepted to each separate paragraph and portion of the charge, and therefore that the exception is sufficient.

2. INSTRUCTIONS—*Insufficient Exception.* The court, at the request of the defendant, gave to the jury five or more separate and distinct instructions; and the record shows that the plaintiff excepted to these instructions in the following form: "To the giving of which said instructions as asked

by the defendant, and to the refusal of said court to charge said jury as requested by the plaintiff, the plaintiff then and there duly excepted, and excepts." *Held,* That this exception being one general exception to all the instructions given at the instance of the defendant, and not a distinct and separate exception to each of such instructions, the exception is not sufficient.

3. ———— Where the record does not purport to contain the entire charge of the court, nor all the instructions given, the supreme court cannot consider the instructions refused.

4. STATUTE OF FRAUDS; *Parol Lease, Made Valid by Part Performance.* Where the owner of a piece of land, through his agent and by parol, leases the land for the term of six years, *held,* that the lease is void under the act relating to frauds and perjuries. But where the lessee, by virtue of the lease, takes possession of the leased property, and continues in the possession thereof for over five years, and plants, cultivates and raises hedge fences thereon, breaks up the ground, and cultivates the same, builds houses and digs wells on the land, and pays all the taxes thereon, such lease will be taken out of the statute of frauds, by virtue of a part performance of the contract, and will be valid for the full term of the lease.

### Error from Johnson District Court.

FORCIBLE detainer, brought by *Bard* against *Elston.* Trial at the November Term, 1882, and judgment for defendant for costs. *Bard* brings the case here. The opinion states the facts.

*I. O. Pickering,* for plaintiff in error.

*A. Smith Devenney,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of forcible detainer, commenced in a justice's court, and appealed to the district court, where the judgment now complained of was rendered. The plaintiff in error was plaintiff below, and the defendant in error was defendant below. The case was tried by the court and a jury, and a verdict and judgment were rendered in favor of the defendant and against the plaintiff for costs.

The plaintiff now insists that the court below committed error in giving instructions to the jury, and in refusing instructions. The court on its own motion gave a general

charge to the jury, which charge was divided into fourteen separate paragraphs, and numbered. The record shows that the plaintiff excepted to this charge, in the following form, to wit: "To the giving of all and each of said instructions by the court, the plaintiff then and there duly excepted, and excepts." Under the previous rulings of this court, this exception will be held to be sufficient. (*K. P. Rly. Co. v. Nichols,* 9 Kas. 236; *A. T. & S. F. Rld. Co. v. Retford,* 18 id. 245.) The supreme court will presume from such an exception that the plaintiff duly excepted to each separate paragraph and portion of the charge. In many states, such an exception would not be held to be sufficient.

The court below, at the request of the defendant, also gave to the jury five or more separate and distinct instructions, to the giving of which the plaintiff excepted, as the record shows, in the following form: "To the giving of which said instructions as asked by defendant, and to the refusal of said court to charge said jury as requested by the plaintiff, the plaintiff then and there duly excepted, and excepts." This seems to be one general exception to all the instructions given at the instance of the defendant, and not a distinct and separate exception to each of such instructions; and therefore we think the exception is not sufficient, further than to authorize this court to examine the general scope or drift of such instructions in the aggregate. (*K. P. Rly. Co. v. Nichols,* 9 Kas. 236; *Sumner v. Blair,* 9 id. 521; *City of Atchison v. King,* 9 id. 551; *Ferguson v. Graves,* 12 id. 39; *Williams v. Joy,* 15 id. 389; *Fullenwider v. Ewing,* 25 id. 69; *Goodsell v. Seeley,* 46 Mich. 623; *Adams v. The State,* 25 Ohio St. 584; *Jones v. Osgood,* 6 N. Y. 233; *Eldred v. Oconto Co.,* 33 Wis. 134; *University, &c., v. Shanks,* 40 id. 352; *Brown v. Kentfield,* 50 Cal. 129; *Ins. Co. v. Sea,* 88 U. S. 158.)

The record does not purport to contain the entire charge of the court, nor all the instructions given; and hence this court cannot consider the instructions refused. (*Ferguson v. Graves,* 12 Kas. 39; *Pacific Rld. Co. v. Brown,* 14 id. 469; *Fullenwider v. Ewing,* 25 id. 69, 70.) There is probably

enough in the record, however, to raise the main question desired to be raised by the plaintiff, and that is whether the statute relating to frauds and perjuries so applies to this case as to enable the plaintiff to avoid a certain lease of real estate which the defendant claims was previously entered into between the plaintiff and the defendant. This question we shall now proceed to consider.

Ever since the year 1858, the plaintiff, who resides in Wisconsin, has been the owner of the northeast quarter of section seven, township fourteen, range twenty-three, in Johnson county, Kansas; and during nearly all that time James Frame, who resides near the land, has been the plaintiff's agent with respect thereto. Up to 1876, this land was unfenced, uncultivated and unimproved prairie land. In 1876, Frame orally leased the land to Elston for the term of six years, the lease to commence on March 1, 1877, and to end on March 1, 1883. Also, at the same time and in connection with such lease, Frame gave to Elston the privilege of entering upon said land during the year 1876 and making improvements thereon, which Elston did. This lease and all the arrangements made between Frame and Elston with regard to the land were wholly in parol. In 1877, Elston took full and complete possession of the land under the lease. He fenced the land, plowed it, cultivated it, built a dwelling house, a barn and crib thereon, dug three wells, and made other valuable improvements on the land, and paid all the taxes thereon. Elston was still in the possession of the land when this suit was brought to oust him therefrom, on March 8, 1882.

The plaintiff claimed in the court below that Frame had no authority to lease the land to any person, or for any period of time. He also claimed that he, the plaintiff, never ratified or assented to the lease made by Frame to Elston. He also claimed that the lease was only for five years, and that it terminated on March 1, 1882. He also claimed that Elston, in 1880, agreed (without any additional consideration, however, and not in writing) to quit the premises, and

to surrender them back to him, the plaintiff, on March 1, 1882. But upon all these questions the jury found against the plaintiff and in favor of the defendant, upon sufficient evidence, and the court below sustained the verdict; and therefore, under the well-settled rules of this court, this court must consider the facts as thus settled and established by the trial court as the facts of the case, and this court can consider and determine only such questions of law as may arise upon these facts. The plaintiff also claimed in the court below, and claims in this court, that the lease made by Frame to Elston was void under the statute of frauds. Now, that said lease was void under the statute of frauds, when it was originally made, and before any portion of the same was executed, we think there can be no doubt. (Statute of Frauds, Comp. Laws of 1879, ch. 43, §§ 5, 6; *Wolf v. Dozer,* 22 Kas. 436; *Powers v. Clarkson,* 17 id. 218; *Carr v. Williams,* 17 id. 575, 582; *Franklin v. Colley,* 10 id. 260; *Moore v. Wade,* 8 id. 380.) All parol leases exceeding one year in duration are void under said statute, unless partially performed, and are generally void, even then, as to the part not performed. Generally, where a parol lease is made for a term exceeding one year, and the lessee takes possession of the property, and pays a portion of the rent, but does nothing more than this, the lease will be considered valid, but valid only to the extent of creating a tenancy-at-will, or a tenancy from month to month, or a tenancy from year to year, according to the circumstances of the case. (Sedgwick & Wait on Trial of Title to Land, § 379, and cases there cited; *Reeder v. Sayre,* 70 N. Y. 180; *Lounsbery v. Snyder,* 31 id. 514; *Schuyler v. Leggett,* 2 Cow. 660.)

Mere possession or mere payment of rent will not, as a general rule, make a parol lease for more than one year valid for the full term. But parol leases exceeding one year, as well as other parol contracts with regard to real estate, may sometimes be taken out of the statute of frauds by a part performance of the contract, and by such part performance be made valid to their full extent. (Taylor's Landlord and

Tenant, § 32; *Grant v. Ramsey,* 7 Ohio St. 157.) But parol leases for more than one year, in order to become valid by a part performance, should generally be such as would by such part performance become substantially a purchase of an interest in the real estate. Such, we think, is the present lease. The defendant, by virtue of this lease, took possession of the property and continued in the possession thereof for over five years; planted, cultivated and raised hedge fences thereon; broke up the ground; built houses and dug wells on the land, and paid all the taxes thereon, and expended time, labor and money in making improvements thereon, for which he could not well be compensated in money. We think the present lease, taking into consideration all the circumstances of the case, was taken out of the statute of frauds by a part performance of the contract; and therefore it must be held to be valid for the full term of six years; or, perhaps, more properly speaking with reference to the facts of this case, valid for the small remainder of the term.

We do not think that it is necessary to discuss either the facts or the evidence in the case, further than we have already discussed the same. Neither do we think it necessary to discuss the motion for the new trial. Much of the alleged newly-discovered evidence was merely cumulative, and much of it was impeaching, and all of it evidently could have been discovered by the exercise of reasonable diligence. We do not think that we can reverse the judgment of the district court because of such alleged newly-discovered evidence.

There was no legal evidence introduced tending to show that "the verdict did not receive the assent of the minds of the jury." And we do not think that the language used by counsel for the defendant in his address to the jury would authorize a reversal of the judgment of the court below. Indeed, we do not think that there is anything in the case that will authorize a reversal of such judgment. The only substantial error committed in the case, if any substantial error was committed, was the finding by the jury that the lease was to continue six years, instead of five; but the ques-

tion as to whether the lease was to continue six years, or only five, was a question of fact, and it was submitted to the jury upon sufficient evidence to authorize them to find as they did; and we cannot now set aside their verdict or findings.

The judgment of the court below will be affirmed.

All the Justices concurring.