## THOMAS HAAK v. JOHN STRUVE.

1. INSTRUCTIONS, *Correct; No Proper Exception.* The instructions given by the court to the jury are, under the facts of the case, correct, and they were not properly excepted to.

2. ———— *Immaterial Error.* Where an instruction refused by the court is correct, but its substance is given in other instructions, no material error is committed.

*Error from Washington District Court.*

ACTION to recover wages for work. Judgment for plaintiff *Struve* for $12.50, at the June Term, 1886. The defendant *Haak* brings the case here. The court below gave the following instructions:

"1. The plaintiff claims a balance due him of twelve dollars and fifty cents on an account for work in cutting wood and posts. The defendant does not dispute the correctness of the account, but claims that the work was not done for him, but for one John Keller, who, the defendant claims, had the contract to cut the wood and posts, and who employed the plaintiff to assist him in his contract.

"2. If the defendant made the contract with Keller to do the work, and Keller hired the plaintiff on his own responsibility to assist him in the work, then the defendant is not liable to the plaintiff. But if the defendant employed said Keller to work and also to oversee and direct other laborers as the agent of the defendant, then the defendant is liable to

the plaintiff for whatever balance the plaintiff has shown to be due him, without regard to whether the contract of employment was made by the plaintiff with the defendant or with Keller as the defendant's agent. It is for you to determine from all the facts and circumstances shown by the evidence, what the relations of the parties were, and whether the plaintiff was in the employ of the defendant, or of Keller.

"3. The fact, if it is a fact, as shown by the evidence, that the timber cut by the plaintiff belonged to the defendant, and that the defendant received the wood and posts cut by the plaintiff, and got the benefit of them, would not render the defendant liable to the plaintiff, if the plaintiff was employed by Keller to work for Keller, and was not employed by the defendant acting for himself, or through a duly-authorized agent.

"4. You are the judges of the evidence and of the credibility of the witnesses, and you have the right, in determining what weight and credence to give to the testimony of the several witnesses, to take into consideration all the circumstances appearing upon the trial, and to give such weight to the testimony of each witness as it seems to be entitled to under all the circumstances. To entitle the plaintiff to recover, he must prove the facts constituting the alleged liability of the defendant by a preponderance of the evidence.

"5. You are instructed that even though Keller was not in fact defendant Haak's agent, still if you find from the evidence that Haak has led plaintiff to believe that Keller was his agent, and that thereby plaintiff was induced to do the work claimed to have been done by him, then Haak will be bound by the acts of Keller as agent and will be liable to plaintiff for the work done.

"6. You are further instructed that if you find that plaintiff brought his action upon a contract which he claimed to have made in person with defendant Haak, and afterward and during the trial abandoned this theory and claimed to have made the contract with another than defendant, and one whom he claimed to be an agent of defendant, then such circumstances may be considered by you as affecting the good faith of plaintiff in bringing this action."

The following instruction was asked to be given by the plaintiff in error, defendant below, and was refused by the court:

"The burden of proving that Haak made the contract with

Struve, and upon which he (Struve) brought suit, is upon the plaintiff, and he must establish the fact that Haak did make such a contract by a preponderance of the evidence, and unless such contract was made, you will find for the defendant Haak."

*Lowe & Smith,* for plaintiff in error.

*Omar Powell,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only rulings assigned for error in this case are the instructions given, and an instruction refused. Some of the instructions given are, perhaps, as abstract propositions, subject to slight criticism, but under the facts of this case, we think they are all correct. It is admitted that Struve, the defendant in error, plaintiff below, did the work for which he sued, and that he was entitled to recover either from Haak, the plaintiff in error, defendant below, or from Keller, the full amount for which he sued. The only substantial question presented to the jury was whether Struve did the work for Haak or for Keller. There was ample evidence to show that the contract of employment was made between Haak and Struve *personally,* and that Keller was the mere foreman and agent of Haak. But if Keller was not a mere foreman or agent of Haak, but was a contractor to do the work himself, still there was sufficient evidence to show that Struve was justified in believing, as he did, that Haak was the principal who was having the work done, and that Keller was merely his foreman and agent. But it is hardly necessary to consider the instructions given, for they were not properly excepted to. There were six separate instructions, and they were excepted to as follows: "To the giving of which instructions, . . . the defendant at the time objected, and duly excepted." This exception was hardly sufficient. (*Bard v. Elston,* 31 Kas. 274, 276, and cases there cited; *The State v. Wilgus,* 32 id. 126, 129, and cases there cited.)

We think the instruction refused, if properly construed, is good law, but its substance was given in other instructions. If, however, the instruction should be construed to mean that

the plaintiff could not recover unless the contract was made *personally* with Haak and not with his agent Keller, that would make the instruction erroneous; or if it should be construed to mean that the plaintiff could prove the contract only by his own evidence, and that none of the defendant's evidence could be taken into consideration for that purpose, that would also make the instruction erroneous.

We think no material error was committed, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.