## THEODORE INTFEN v. CASSIUS G. FOSTER.

### No. 511.

1. LANDLORD AND TENANT — *Tenancy from Year to Year.* Where a tenant goes into possession of real estate under a written lease for one year with the privilege of two years, executed by the landlord and accepted and complied with by the tenant, and remains in possession thereof four years, without any new agreement except as to the amount of rent payable, *held*, that this constitutes a tenancy from year to year.

2. ——— *Monthly Instalments.* The nature of such tenancy is not changed by the fact that the annual rental was payable in equal monthly instalments.

Error from Atchison district court; W. D. WEBB, judge. Opinion filed April 26, 1899. Affirmed.

*Henry Elliston,* for plaintiff in error.

*C. D. Walker,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.: Without cumbering the record with a full review of all the questions argued in this case, it is sufficient to say that we deem it necessary to consider but two questions : (1) Did a tenancy from year to year exist between the parties prior and up to March 15, 1895? (2) Was the correct measure of damages applied by the court?

The undisputed evidence shows that a tenancy for one year ending March 15, 1892, was created by the contract dated February 18, 1891, written and signed by the plaintiff below and accepted by the defendant below and his partner. Under the option contained in said contract this tenancy was continued another year. As this was nearing completion some correspondence between the parties was had, in which the

Intfen v. Foster.

tenant was given the alternative of vacating the premises at the end of that year or paying $1400 per year for the use of the same.  This proposition was accepted by the tenant by remaining and paying the rent as demanded for the next two years, or until March 15, 1895.  On March 12, 1895, the defendant in error wrote the plaintiff in error giving him notice of a termination of the tenancy on April 15, 1895, assuming that he occupied it as a tenant from month to month.  This is the principal question in the case.  The argument of the plaintiff in error, that the original contract was either for a less period than one year or void under the statute of frauds, is not tenable for the reason that if it was void under the statute of frauds, that would make no difference after its terms had been complied with.  (*Bard v. Elston*, 31 Kan. 274, 1 Pac. 565.)  Nor would the fact that it was not signed by the lessee. There was an express contract by the year, and paragraph 3612, General Statutes of 1889 (Gen. Stat. 1897, ch. 121, § 3), does not apply.

Under the facts, we are convinced that the plaintiff in error, prior to March 15, 1895, occupied the premises as a tenant from year to year, and when he held over his term he is presumed to have elected to remain for another year, and there is nothing in the negotiations referred to which negatives that presumption.

The remaining question is, Was the correct measure of damages applied?  There was no substantial conflict of evidence, and we think that it was sufficiently shown that the plaintiff used reasonable efforts to make the damages as light as possible, and that he was actually damaged to the amount of the judgment.

The judgment of the court below will be affirmed.