### T. J. ALLEN v. H. H. MERRIAM.
**No. 432.** (62 Pac. 10.)

1. PRACTICE, *District Court—Refusal to Give Instructions—Exceptions.* An exception to the court's refusal to give seven instructions asked for by the defendants, reading, "The foregoing instructions refused, and excepted to by the defendant," is *held* to be insufficient.

2. ———— *Exclusion of Evidence—Immaterial Error.* An alleged error in sustaining an objection to a question asked by the defendant *held* not material, since it appears that the witness had already testified favorably to the defendant's theory of the case respecting the matter inquired about in the question to which the objection was sustained.

Error from Bourbon district court; W. L. SIMONS, judge. Opinion filed July 25, 1900. Affirmed.

*John H. Crain*, for plaintiff in error.
*Cory & Burke*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action involves the validity of two chattel mortgages, executed by Mrs. Alma Patterson and owned by defendant in error, who as plaintiff herein replevied the mortgaged goods, a florist's stock, from the plaintiff in error. The latter had seized the same under an execution based upon a deficiency

judgment in a foreclosure action wherein the Phœnix
Mutual Life Insurance Company was plaintiff, and
Mrs. Patterson and her husband were defendants.
Mrs. Patterson was the principal witness for the plain-
tiff below, and her testimony tended in some degree
to prove that she was at the date of the levy under
the execution, and for several months prior thereto
had been, in possession of the mortgaged property,
as the agent of the mortgagee.   In his answer,
the defendant claimed that the mortgagor in no
way accounted to the mortgagee for any of the
proceeds of the business, and on cross-examina-
tion of Mrs. Patterson, his counsel asked her
whether the mortgagee had ever told her how much
he thought she ought to take out of the proceeds of
the business for her compensation as agent.   She
answered that she did not remember having had any
conversation with the mortgagee about the matter.
Afterward Mrs. Patterson was called as a witness on
behalf of the defendant, and numerous questions were
asked of her by the defendant's counsel concerning
the expenses incident to her business as a florist dur-
ing the time she claimed to have acted as agent of the
mortgagee.  She stated that she had entered on the
account-books which she kept allowances to herself
as salary at the rate of seventy-five dollars per month,
and that after paying the other expenses of conduct-
ing the business there were not sufficient funds to pay
her salary at that rate.   On cross-examination, she
was asked the following question:  "What was a
reasonable and fair value per month for your serv-
ices?"  The question was objected to as incompetent,
irrelevant, and immaterial, and the objection was
overruled.   The witness answered:  "I feel that sixty
dollars per month for my labor was as small as I

would be willing to work, and as small as I would have to work if I was employed by any one else." She further testified that she had paid the interest on the debt to the mortgagee. Counsel for plaintiff in error contends that the court erred in overruling the objection to the above question and in permitting it to be answered. Under the circumstances we think the question proper cross-examination.

Complaint is also made that the court erred in sustaining an objection to a question asked by the defendant of the plaintiff when he was testifying in his own behalf. We find that the witness had already testified favorably to the defendant's theory of the case respecting the same facts inquired about in the question to which the objection was sustained. The error, if any, was therefore not important.

The instructions given were not excepted to, and the only exception taken to the court's refusal to give the seven instructions asked for by the defendant below reads : "The foregoing instructions refused, and excepted to by the defendant." This exception is too general. Similar exceptions were held insufficient by the supreme court in *Bard v. Elston*, 31 Kan. 274, 1 Pac. 565, and in *Fleming v. Latham*, 48 id. 773, 30 Pac. 166. The verdict found by the jury under the guidance of the instructions given is equivalent to general findings in favor of the plaintiff below upon all controverted points, including a finding to the effect that the chattel mortgages were valid ; that they were given to relieve the homestead of the mortgagor from the debts secured by the mortgage upon it, and that the mortgagor held possession of the mortgaged property for the mortgagee.

The judgment of the district court is affirmed.