BLACK, Respondent, v. SCOTT et al., Appellants.

St. Louis Court of Appeals, January 19, 1904.

1. **LANDLORD AND TENANT: Rent in Kind.** An agreement to rent land for "two-fifths of the corn in the crib," entitles, the landlord also to recover two-fifths of the value of the fodder raised on the land and converted by the tenant to his own use, though fodder is not mentioned in the agreement.

2. **COSTS: Jurisdiction: Conversion.** Costs are properly taxed against the defendant in an action for conversion, though the right of action rose out of a contract of lease and the amount of the verdict was below the jurisdiction of the circuit court where the case originated.

Appeal from Knox Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*O. D. Jones* and *James Dorian* for appellant.

*C. D. Stewart* for respondent.

BLAND, P. J.—Omitting caption the petition is as follows:

"The plaintiff states that he is now and was during the year 1901 and for several years prior thereto the

owner of the southwest one-fourth of the southeast quarter of section thirty-one (31), township sixty-two (62), range twelve (12), Knox county, Missouri, and that he rented said land to defendants for the year 1901 to be cultivated in corn and that defendants agreed and promised plaintiff to give him two-fifths of the crop raised on said land and to husk plaintiff's part of the corn and put it in plaintiff's crib and plaintiff says that defendants cut the stalks and corn raised on said land and put it in shocks and that they refused and failed to deliver or account for plaintiff's part of the shock fodder and converted the same to their own use and that plaintiff's part of said fodder was reasonably worth eighty dollars ($80).

"Wherefore plaintiff prays judgment for the sum of eighty dollars ($80) and his costs."

The answer admitted that plaintiff was the owner of the land described; admitted that the defendants rented the land for the year 1901, to be cultivated in corn; admitted that they agreed to give plaintiff as his rent for the use of the said land two-fifths of the corn raised on said land to be delivered in the plaintiff's crib; admitted that they cut the corn raised on the land and that they refused to deliver to plaintiff one-third of the shock fodder and converted the same to their own use, and alleged that in delivering two-fifths of the corn in plaintiff's crib they paid plaintiff all the rent reserved for the use of the land.

Wiseman, who was the agent of plaintiff for the purpose of renting the land, testified that the defendants applied to him to rent the land and he made two propositions to them: First, that they could have the land for one-half the corn in the field. Second, for two-fifths in the crib, and after considering the propositions they accepted the latter and agreed to deliver two-fifths of the corn in the crib; that there was nothing said about the shock fodder or stalks. The testimony of the defendants is that they rented from plaintiff through

Wiseman, his agent, and agreed to pay two-fifths of the corn delivered in the crib as rent.

It is admitted that two-fifths of the corn was husked by defendants and delivered in the plaintiff's crib. The defendants did not reside upon the land nor did the plaintiff. The testimony shows that defendants occupied the land until the first of March, 1902, without objection from the plaintiff. On this evidence the trial court ruled that plaintiff and defendants were tenants in common of the corn and the shock fodder and that plaintiff was entitled as such tenant in common to two-fifths of the shock fodder. Under this ruling the jury found for plaintiff and assessed his damages at the sum of $47. After unavailing motions for new trial and in arrest of judgment defendants appealed.

The case is on all fours with Moser v. Lower, 48 Mo. App. 85, and on the authority of that case we hold that the plaintiff was entitled to recover. Defendants moved to tax the costs to the plaintiff for the reason, as alleged that the suit is on contract and the recovery being for $47, under the statute plaintiff was liable for the costs. The subject-matter of the suit arose out of contract, but it is not on the contract to recover two-fifths of the fodder corn in kind, but for damages for its wrongful conversion by the defendants and hence sounds in tort and defendants were properly taxed with the costs.

The judgment is affirmed. *Reyburn* and *Goode*, *JJ.*, concur.