CHRISTIAN HANSEN, APPELLANT, V. P. CHRIS HANSEN, APPELLEE.

FILED FEBRUARY 15, 1911.   No. 16,290.

1. **Landlord and Tenant.** One who takes land of another and agrees to plant and cultivate the same in crops and deliver to the owner of the land one-third of the crops as rent is a tenant, and not a mere cropper.

2. ———: LEASE: CONSTRUCTION. If a tenant agrees to plant and cultivate the land in corn and deliver one-third of the corn to his landlord for the use of the land, the right to the corn stalks after the corn is removed as between the landlord and tenant is to be determined as a question of fact according to the understanding and agreement of the parties.

3. ———: ———: RIGHTS OF TENANT. If the landlord agrees to accept a share of the grain in full for the use of the land, and the tenant reserves the stalks for his own use, he may sell the right to the use of the stalks to another to be used in the ordinary way among farmers within the term of his tenancy.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*W. C. Dorsey,* for appellant.

*L. C. Paulson, contra.*

SEDGWICK, J.

One Hinterman farmed about 50 acres of the plaintiff's land in corn during the season of 1908 under a contract with the plaintiff. After he had gathered the corn, he sold the stalks to the defendant and authorized the defendant to turn his cattle therein. Under this agreement the defendant commenced turning the cattle into the stalks, and the plaintiff brought this action in the district court for Franklin county to enjoin the defendant from pasturing his cattle in the stalks. The action was tried by the court and a decree entered in favor of the defendant, and the plaintiff has appealed.

Plaintiff insists that he was entitled to the stalks after the corn was gathered, and the defendant insists that Hinterman was entitled to them and that he acquired that right by his purchase from Hinterman. There is a considerable discussion in the briefs in regard to whether Hinterman was the tenant of the plaintiff or was merely a cropper. This question perhaps would not be decisive of the case, because a cropper might agree with the owner of the land as to the ownership of the stalks after the corn was gathered, and it is claimed by the plaintiff that there was an agreement as to the ownership of the stalks. If the contract was that Hinterman should have the stalks and two-thirds of the corn for his services that would dispose of the case, but as it seems clear from the evidence of the plaintiff that Hinterman was a tenant, and not a mere cropper, we place our decision upon that ground. The plaintiff testified that in the fall of 1907 he made a contract with Hinterman in regard to farming the ground, and was asked what arrangements he had made in that regard, and answered: "I hired 50 acres out for corn." Again in his cross-examination he testified that Hinterman was to deliver to him "one-third of the corn raised on the land." A tenant rents the land and pays for it either in money or a part of the crops, or the equivalent. A cropper farms the land and is paid for his work

in a part of the crops. In the one case, the tenant pays for the use of the land with a part of the crops. In the other, the crop belongs to the owner of the land and he pays for the labor of cultivating with a part of the crop. The plaintiff having testified that he "hired 50 acres out" to Hinterman and that Hinterman was to pay him for it in a part of the crop that he raised, he has himself established a tenancy.

If the tenant was to pay for the use of the land with a part of the crop, the stalks, being of value, might be considered a part of the crop, and the owner of the land would in that case be entitled to a share of the stalks as well as of the corn. The question in this case is one of fact as to what the agreement was between the parties, whether the tenant was to pay the landlord a part of the crops including the corn, or only a share of the corn. We think the strong preponderance of the evidence is that the agreement was that he was to pay the landlord one-third of the corn only. The rent paid to the landlord was to be delivered to him at some distance from the land, and it does not seem probable from the evidence that it was contemplated that he should deliver a part of the stalks. The plaintiff himself testified that he was to deliver the corn. He also testified that there was a special agreement that he (the plaintiff) should have the stalks; but this is unequivocally denied by Hinterman, and under the circumstances the preponderance of the evidence is with the defendant.

The decree of the district court is therefore right, and is

FAWCETT, J., not sitting.

AFFIRMED.