J. H. BLAKE, *Appellee*, v. J. K. BREMYER *et al.*, *Appellants*.

No. 17,027.

### SYLLABUS BY THE COURT.

EVIDENCE—*Agent's Admissions Competent against Himself*. It is as competent to prove the admission by one that he is the agent of another, where that is the fact sought to be established against him, as it is to prove any other admission against his interest.

Appeal from McPherson district court. Opinion filed May 6, 1911. Affirmed.

*Frank O. Johnson*, and *Alexander S. Hendry*, for the appellants.

*G. F. Grattan, J. M. Grattan*, and *D. P. Lindsay*, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellants are real-estate agents. Blake, who resides in the state of Washington, owned a farm in McPherson county, and wrote them on May 20, 1907, that he was thinking of selling it and asked for terms of sale and their opinion as to its value. They replied advising him to offer the farm for about $7000, and said their commission would be two and a half per cent. Blake afterward wrote them several letters, in one of which he stated that if they could sell the farm for $7250 cash, without any of that year's rent, they might do so, provided it was sold on or before July 8, and that he would pay two and a half per cent commission, or would pay $200 commission provided it sold for $7500. In this letter, which was the last one he wrote them, he stated that his wife would call at their office July 8 and would be authorized to transact any business in regard to the farm; that she would either sell or lease it. On July 8 Mrs. Blake arrived at their office and talked over the correspondence had with her husband, and told the appellants that if they succeeded in selling the farm she would pay $200 commission, but reserved the right to sell it herself. Between that time and July 20 she was in their office several times and talked with them about a sale. Meanwhile the appellants were in correspondence with G. W. Hull, of Valley Falls, Kan., to whom they had written about the farm, telling him it was the cheapest farm in the county and for him to telegraph when he would come to look at it. On July 22 he wired that he would be there on the next day. On July 24 the appellants took him out to the farm and showed it to him, offering it at the price of $7500. He tried to buy for less, but they told him they were not authorized to sell for any less, that the owner lived in Washington and that they were agents of the owner. After they returned to town they sold him the farm for $7500 and he

paid $500 cash to bind the bargain. Immediately afterward they telephoned Mrs. Blake at Inman, where she had informed them she would be, and asked her if she had found a buyer for the land. She replied that she had not, and asked if they had. Bremyer, who was talking for the firm, said they had not, but that he had some business at Inman and would call and see her the next day and talk to her about it. The next day they met at Inman and Bremyer told her that he had not made a sale, that it had been growing warmer and drier as summer advanced, that it would be hard to make a sale the way crops were looking, that the grass was drying up and it looked bad for the corn unless there was rain soon, but he added that "we sometimes have bought land and we have decided to take the farm ourselves if you will consent to take $7000 for it." After some hesitation Mrs. Blake agreed to sell at that price; he gave her a check for $500 and a contract was signed to deliver the deed August 1. After the conveyance had been made the appellee discovered the fraud practiced upon him and brought this action to recover $500.

The foregoing is the substance of the evidence on the part of the appellee. The appellants claimed in their answer that their agency terminated July 8 by the express terms of the letter from Blake, in which his offer authorizing them to sell was conditioned upon a sale being effected on or before July 8. They testified that after July 8 they considered they were no longer agents, and they offered evidence to prove that they made no contract to sell to Hull until after they had purchased the farm from Mrs. Blake. The jury found generally for the appellee. The court rendered judgment in his favor, which the appellants seek to reverse.

The principal error alleged is that Hull was permitted to testify that Bremyer, one of the appellants, told him that they were agents of the appellee. His

testimony was, "Why, they just simply said they were the agents of Doctor Blake to sell the farm for $7500, and that they had no authority to sell it for less." It is argued, first, that the witness was permitted to testify to a conclusion because he did not give the conversation. The abstract shows that this testimony was received over the appellants' objections, but what the objections were is not shown. We fail to see where the witness testified to a conclusion; he stated what the appellants said. The main contention respecting the testimony is that it was an attempt to prove agency by the declarations of one who assumed to act in that capacity. The principle of which the appellants seek to avail themselves has no application here. The doctrine that agency can not be established by the declarations of one who assumes to act as agent is for the protection of the person whom it is sought to bind as principal. The doctrine is a part of the rule respecting hearsay evidence. As to the one who is sought to be charged as principal the declarations of the alleged agent are hearsay. If the evidence had been offered for the purpose of binding Blake as principal the doctrine would apply, but the evidence was offered for no such purpose. On the contrary, it was offered solely as an admission of the appellants. It is as competent to prove the admission by one that he is the agent of another, where that is the fact sought to be established against him, as it is to prove any other admission against his interest. The appellants were sued as agents; they denied agency; it was therefore competent as against themselves to prove that they had admitted that they were agents. (*Fisher v. Krutz and Campbell*, 9 Kan. 501; 31 Cyc. 1656.)

The supposed variance in the proof and the petition is easily explained by the fact that the appellee had kept no copies of his letters, and his attorneys, who resided at McPherson, had not seen the original correspondence at the time the petition was drawn.

Moreover, there was evidence offered by the appellee which tended to show that after July 8 and up to the time of the sale the appellants in their several talks with Mrs. Blake undertook to sell the farm as agents. The last letter written by the appellee informed the appellants that Mrs. Blake would call at the office and would have full authority to act in the matter. She came at the time stated with authority to bind her husband by any arrangements she made. After that what was said in the letters about the date when the sale should be made was of no importance. Therefore instruction No. 1 requested by the appellants was properly refused. We are not able to find error in the refusal of the other instructions asked. The court fairly instructed the jury on the issues, and, although complaint is made of the instructions given, the only exception was a general one to all the instructions, and this, under the old code, was of no avail unless the entire charge proceeded upon an erroneous theory. (*Isnard v. Edgar,* 81 Kan. 765; *Bard v. Elston,* 31 Kan. 274.) There was a conflict in the testimony upon the question whether the appellants agreed with Mrs. Blake to undertake the sale of the land as agents, but the jury determined this issue against the appellants. If they were agents to sell they could not without violating the trust reposed in them purchase the land in their own name and thus profit at the expense of their principal after having as agents procured a sale at a better price.

The judgment is affirmed.