No. 21,168.

A. W. LAMB, *Appellee,* v. O. A. LEMON (Revived in the Name of LINE E. LEMON, as Administratrix, etc.), *Appellant.*

### SYLLABUS BY THE COURT.

1. VERBAL LEASE—*Made by Agent of Owner—Proof of Agency.* In litigation over the right of possession of land it is competent for a plaintiff who claims under a lease which he asserts was made to him by the owner's agent, who is the defendant in the case, to show the fact of agency by the unsworn declarations of the alleged agent, notwithstanding the defendant claims under a later lease executed to him by the owner.

2. TRIAL—*Instructions.* Instructions given held not to require a reversal.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed November 9, 1918. Affirmed.

*O. O. Osborn,* of Stockton, for the appellant; *S. N. Hawkes,* of Stockton, of counsel.

*W. B. Ham,* of Stockton, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mrs. Esther Blaney, the nonresident owner of a farm, leased it to O. A. Lemon for one-third of the grain raised, for a period of five years ending August 15, 1911. Lemon continued in the occupancy of the place for two years longer, becoming a tenant from year to year. In the fall of 1913 he turned the land over to A. W. Lamb, who paid him $175 on account of the plowing that had been done, and some fencing and straw. Lamb sowed wheat that year and the next, delivering the landlord's share of the crop to Lemon, who sold it, paid the taxes out of the proceeds, and sent the balance to Mrs. Blaney. In July, 1915, Mrs. Blaney executed a new lease

to Lemon, running from August 15, 1915, to August 15, 1918. In September, 1915, Lemon took possession of the place over Lamb's protest. Lamb brought an action against Lemon for damages for dispossessing him, and upon a jury trial recovered a judgment for $391, from which this appeal is taken. The defendant having died, the appeal is prosecuted by his administratrix.

1. The principal contention upon which a reversal is asked is that there was no competent evidence to sustain the verdict. The plaintiff testified that he took possession of the property in the fall of 1913 under these circumstances: The defendant told him he was going to leave and wanted to rent him the land for one-third of the crop; he answered that if he could have it for three years he would give that for it; the defendant replied that this would be satisfactory—that he had been attending to the owner's business and was renting it—that he had been looking after her affairs there—that he was the agent; the plaintiff then said that he would rent the place, and thereupon took possession, paying the $175. There was evidence that the owner met the plaintiff in the summer of 1915 and learned from him that he was occupying her farm; that she made no objection and did not demand possession, nor did the defendant do so prior to September, 1915; and that she had learned from the defendant that the plaintiff had been in possession for a year or two.

Testimony that the defendant had said he was the agent of the owner, in the connection in which the statement was represented to have been made, furnished some evidence that he had authority to rent the place, and with the other evidence warranted a finding that the plaintiff was put on the farm by the owner's agent under an oral lease for three years, and that thereby, and by his subsequent occupancy and payment of rent in accordance with the terms fixed, he became a tenant from year to year, entitled to possession until served with a notice to quit. (Gen. Stat. 1915, §§ 5957, 5960.) Such a finding would justify a verdict for the plaintiff. The appellant invokes the rule that the fact of agency cannot be proved by the declarations of the supposed agent. But here the person who is alleged to have been the agent is the adverse party to the person making the claim, and the evidence of what he said on the sub-

Lamb v. Lemon.

ject is competent against him as an admission. (*Blake v. Bremyer*, 84 Kan. 708, 115 Pac. 538, annotated in 35 L. R. A., n. s., 165.) The contention is made that the plaintiff was bound to make an investigation concerning the defendant's authority before dealing with him on the assumption that he was the owner's agent. The principle invoked cannot control in an action against the agent, upon whose own statements as to his agency the adverse party relies.

The appellant argues that in dispossessing the plaintiff the defendant acted in the owner's right—that inasmuch as he held a lease from the owner he had whatever right of possession the owner enjoyed—that to deny his right was to deny the right of the owner—and that the rights of the owner should not be prejudiced by any wrong done by the defendant, or by evidence of what the defendant had said, unless his agency was proved otherwise than by his own declarations. Notwithstanding the considerations suggested, the fact remains that the owner of the land was not made a party to this litigation. The only parties were Lamb and Lemon, and statements made by the latter were, as against him, competent evidence of the facts stated. His representation that he was the owner's agent was sufficient to warrant the jury in finding that such agency existed. Moreover, the deposition of the owner discloses that the defendant agreed with her that he would procure possession of the land from the plaintiff in time for wheat sowing in the fall of 1915, and that he had promised her that she should not be liable for any expense incurred in this action, so that the defendant appears to have been the person ultimately affected, as well as the real party in interest in the eye of the law.

2. An instruction was given to the effect that a tenancy from year to year, created by the holding over of the tenant, would terminate on March first unless the lease provided otherwise. This is criticised on the ground that such a tenancy does not of its own force terminate on the first of March, but is terminated only by a written notice of at least thirty days, ending, in case of farm land, at that time. We do not regard the inaccuracy of statement as prejudicial in this case.

Complaint is made because the instructions included statements to the effect that (1) a sublessee can hold possession until the expiration of the original lease, unless lawfully dispos-

39—Kan.—3099.

sessed by an action in court, and (2) that if a tenant who has no right to sublet does so, he cannot, during the term of the sublease, dispossess the sublessee, even although he has a new lease from the owner. Whether or not these statements are correct expositions of the law, we think the chances of their having affected the verdict are so remote that a reversal should not be ordered on account of them. The plaintiff in his pleading relied upon a lease from the owner which in his testimony he asserted was made through the defendant as her agent. The jury were told that in order to recover, the plaintiff was required to establish all the allegations of his petition, which of course included that regarding the making of a lease to him by the owner. If they followed that instruction they necessarily made a finding that such a lease was given, and this of itself determined the defendant's liability. The instructions regarding the effects of a sublease were doubtless suggested by the fact that the five-year lease contained a covenant against subletting. They seem to have been irrelevant to the issues, and there is a possibility that the jury were confused by them. But as no instruction was given to the effect that a verdict could be rendered in favor of the plaintiff on the theory that he had a right to possession as a subtenant, it seems highly improbable that the verdict could have been based on that idea, or could have been in any way affected by the instructions on the subject of subletting.

An instruction was given to the effect that the plaintiff was entitled to recover the market value of his straw that was destroyed by the defendant, not exceeding $150. The form of the statement was obviously objectionable as seeming to assume that the defendant was liable in some amount on that account. Reading the charge as a whole, the jury would readily understand that the considerations upon which liability depended had already been stated, and that in this instruction the court was dealing only with the measure of damages; that they did so understand, and that they found for the plaintiff upon the general issue, and not merely on account of this instruction, is apparent from the fact that they allowed actual damages in excess of $150.

The jury were told that under a lease of farm property which fixes the rent at a share of the grain, the tenant is entitled to

the straw.   The appellant argues that this was error—that the ownership of the straw depended upon custom.   As there was no evidence of any different custom, the rule stated was that which this court has already adopted.   (*Mull v. Boyle,* 102 Kan. 579, 581, 171 Pac. 652.)

The judgment is affirmed.