## DIBBLE v. DISTRICT OF COLUMBIA.

### No. 160.

Municipal Court of Appeals for the
District of Columbia.

Feb. 4, 1944.

[1] Code 1940, § 11—772.

Harry L. Ryan, Jr., of Washington, D. C., for appellant.

Lee F. Dante, Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Vernon E. West, Principal Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appeal from a conviction of violating blackout regulations promulgated by the District Commissioners pursuant to certain Acts of Congress.[1] The charge was that defendant, as resident manager in charge of Suburban Gardens, a 10-acre housing development, had failed to extinguish a "street type" light within the development while a practice blackout was in progress. The contentions on this appeal fall into two groups, the first dealing with rulings on evidence, and the second with the sufficiency of the evidence.

## I. The Evidential Questions

**1.** *Proof of Defendant's Agency.* Over objection the trial judge received in evidence testimony of defendant's admission that he was the manager and person in charge of the development. Appellant claims this was error and cites the well-known rule that agency cannot be established by the admissions of an agent. The rule had its origin in, and is a part of, the hearsay evidence rule. But the rule applies only when it is sought to charge a principal with the acts of an agent. That is not the situation here. The responsibility of this defendant arose out of his agency. His admissions were therefore in no sense hearsay. They were competent to bind him and establish his liability as the person in charge of the property. Blake v. Bremyer, 84 Kan. 708, 115 P. 538, 35 L.R.A.,N.S., 165; Simons v. Vulcan Oil Co., 61 Pa. 202, 100 Am.Dec. 628. As Wigmore in his work on Evidence, 3d Ed., Section 1078, points out, the declarations of an agent are receivable against himself whenever his agency becomes material in a suit involving him as a party. Mapes v. Foster, 38 Wyo. 244, 266 P. 109. The trial judge ruled properly in this connection.

**2.** *Proof of Commissioners' Orders or Regulations.* Defendant claims there was error because the ordinances or regulations involved were not formally given in proof. He relies on Title 14, Section 406 of the Code which provides that municipal ordinances and regulations may be

---

[1] Blackout Act, approved December 26, 1941, 55 Stat. 858, amended by Act approved August 6, 1942, 56 Stat. 740, D. C.Code 1940, § 6—1001 et seq.

proved by producing in evidence certified copies thereof. The complete answer to this contention is found in Tipp v. District of Columbia, 69 App.D.C. 400, 102 F.2d 264, 265, which held that the Municipal Court is required to take judicial notice of municipal regulations of this kind. The court, referring to the rule that courts of general jurisdiction may not judicially notice municipal ordinances, said: "The rationale of the rule as stated in some of the cases is that such ordinances and regulations stand upon the same footing as private laws, the laws of other states and of foreign countries, which must be averred and proven like other facts. *But the reason for the rule fails where a municipal court is asked to notice an ordinance of the same municipality, because such ordinances come within the particular and original jurisdiction of such courts * * *.*" (Italics supplied.)

## II. Sufficiency of the Evidence

■ 1. Defendant claims that the evidence did not show him to be the person in charge of the light in question. But he so described himself at the trial. His testimony was that he was "resident manager in complete charge of Suburban Gardens." This testimony in fact supported that of Government witnesses. In view of this we think it is not material on this appeal that certain engineers (who were at the time off duty) were, as he claimed, in charge of the lighting arrangements. The ultimate responsibility was his.

■ 2. Appellant claims that there was no formal proof that a blackout had been ordered. But the record reveals evidence that the light in question was burning during the period of blackout and before the "all clear" had been sounded. Taking this evidence together with the regulations in question and the acts on which they were based, we think the evidence sufficiently established the fact that an official blackout was in progress. This we think is so, even without indulging the presumption of regularity which attends official acts of this kind.

■ 3. Appellant next contends that the Government did not sufficiently establish the location of the offending light. By the testimony, including "X" marks placed on a chart which was in evidence, witnesses placed the light within the Suburban Gardens development and described it as the only light which was burning at the time. True, there was some discrepancy as to the precise location of the light, but the evidence left little, if any, doubt that it was under the control of defendant.

■ 4. Appellant also claims that the Government did not sufficiently prove that he had failed to extinguish the light "as promptly as possible" as required by law. The parties concede that this is purely a question of fact. The regulation requires that lights be extinguished "as promptly as possible" but in any event *within 15 minutes*. That this was not done is clear from the evidence. We think it is equally clear that defendant offered no real excuse for the violation.

He claimed he required at least a half-hour to check all the lights at the development. But we apprehend that enemy raiders cannot be depended upon to provide that much advance notice, if indeed any. He claimed that wardens had on other occasions assisted him in extinguishing lights. But he had no right to expect such assistance. The responsibility was clearly his.

The very nature of blackout regulations requires the immediate and spirited co-operation of the entire community. One who moves with halting steps to comply with the law, must have a better explanation than was here presented.

We have carefully considered other contentions made by appellant. They are general in their nature and in the main involve questions of fact, or are disposed of by what we have already said. The record reveals no reversible error.

Affirmed.